[No. 14681.  Department Two.  May 8, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. JANE DOE KELLY, *alias White, Appellant.*[1]

PROSTITUTION—ACCEPTING EARNINGS—PERSONS LIABLE.  Rem. Code, § 2440, punishing "every person" who shall live with or accept any earnings of a prostitute, includes females as well as males.

SAME—INFORMATION—SUFFICIENCY.  In a prosecution for accepting the earnings of a prostitute, it is not necessary for an information in the language of the statute to state the purpose for which the earnings were accepted.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 16, 1916, upon a trial and conviction of accepting the earnings of a prostitute.  Affirmed.

*Walter Metzenbaum,* for appellant.

*Alfred H. Lundin* and *Lane Summers,* for respondent.

MOUNT, J.—This appeal is from a judgment convicting the appellant of accepting the earnings of a prostitute.

Two questions are presented upon the appeal: First, that the statute upon which the prosecution is based

[1]Reported in 172 Pac. 1175.

refers to male persons only and was not intended to include female persons; and second, that the information does not contain a statement of the acts constituting the offense in ordinary and concise language such as to enable a person of common understanding to know what is intended. The charging part of the information is as follows:

"She, said Jane Doe Kelly, alias White, whose true name is to the prosecuting attorney unknown, in the county of King, state of Washington, on or about the 18th day of September, 1916, did then and there wilfully, unlawfully and feloniously, without any lawful consideration therefor, accept the earnings, to wit, money, of one Alice Axtell, the said Alice Axtell then and there being a common prostitute, and the said money having been earned by said Alice Axtell in the practice of prostitution."

The statute, at § 2440, Rem. Code, provides as follows:

"Every person who
"(5.)  Shall live with or accept any earnings of a common prostitute, or entice or solicit any person to go to a house of prostitution for any immoral purpose, or to have sexual intercourse with a common prostitute;
"Shall be punished by imprisonment in the state penitentiary . . ."

It is argued by the appellant that the statute refers only to male persons and not to females. It is probably true that the language "every person who shall live with a common prostitute" refers only to male persons, because living with a prostitute carries the idea of cohabitation; but when the statute reads:

"Every person who . . . shall accept any earnings of a common prostitute, or entice or solicit any person to go to a house of prostitution for any immoral purpose, or to have sexual intercourse with a common prostitute . . ."

it seems plain that this language refers to females as well as to males; for, while a female might not cohabit with another female, it is plain that a female might meretriciously accept the earnings of a common prostitute, or might solicit a person to go to a house of prostitution for an immoral purpose, or solicit other persons to have sexual intercourse with a common prostitute. When the legislature used the words "Every person" at the beginning of this section, it intended, we think, to include females as well as males. This position is strengthened by a reference to the old statute (Rem. & Bal. Code, § 2903) which was in force before § 2440 was enacted, and which provided that:

"Any male person (who lives with, . . .) . . . or accepts any of the earnings of a prostitute," etc., should be guilty of a felony.

Upon the other question it is contended that the information does not state the purpose of accepting the money or how it was accepted. We think it was not necessary to state the purpose of accepting the earnings of a common prostitute. In the case of *State v. Schuman*, 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633, this court held an information sufficient which was not as definite as the one under consideration. In that case, after reviewing a number of authorities, we said:

"The information charges the crime in the language of the statute so far as applicable to the facts, and in words well calculated 'to enable a person of common understanding to know what was intended.' It is sufficient."

We think that case is controlling upon this question.

We find no error. The judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, and FULLERTON, JJ., concur.