(No. 20136.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SOPHIE HASSIL, Plaintiff in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 4, 1930.*

LOUIS GREENBERG, and ABEL B. KRETSKE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and JOHN A. SWANSON, State's Attorney, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Sophie Hassil, plaintiff in error, was tried and convicted in the municipal court of Chicago under an amended information in which it was alleged that on or about December 24, 1928, she unlawfully and willfully did knowingly, without lawful consideration, take, accept and receive the sum of $25 from Helen Karczewska, a female person, which $25 was a part of the earnings of Helen Karczewska from the practice by her of prostitution. The court overruled a motion in arrest of judgment and sentenced plaintiff in error to six months in the house of correction and to pay a fine of $300 and costs. The judgment provided that in default of payment of the fine and costs, plaintiff in error after the expiration of the term of imprisonment should stand committed to the house of correction until the fine and costs should have been worked out at the rate of $1.50 per day or until the fine and costs were paid or she discharged according to law. A writ of error to review the

record has been sued out of this court under the contention that the Pandering act, under which conviction was had, is unconstitutional.

Convictions under the Pandering act (Cahill's Stat. 1929, chap. 38, pars. 475-478,) have been upheld by this court in a number of cases, in some of which its constitutionality has been subjected to attack. (*People* v. *Braun*, 246 Ill. 428; *People* v. *Jacobson*, 247 id. 394; *People* v. *VanBever*, 248 id. 136; *People* v. *Boykin*, 298 id. 11; *People* v. *Armour*, 307 id. 234.) The first argument made against it in the case at bar is that section 8 of article 1 of the constitution of the United States, giving power to Congress to coin money and punish counterfeiting, deprives the State legislatures of power to restrict the circulation of money; that the right of a citizen of the United States to dispose of, in any way he sees fit, United States money owned by him cannot be abridged by a State legislature, and that "the struggle and sacrifices which have been made through the ages to establish personal freedom would be for naught if personal liberty could be encroached upon in the manner as it is intended by the statute under consideration." Following the manner of approach adopted by the court in *L'Hote* v. *New Orleans*, 177 U. S. 587, where the question was presented as to the power of the city of New Orleans to prescribe by ordinance certain limits without which no woman of lewd character should dwell, it is pertinent to inquire who is and who is not complaining. Nothing as to deprivation of personal rights is here heard from the prostitute who earned the money and held it for disposition. The complaint that the prostitute could not use her money as she saw fit is voiced by one who merely held her own hand out to receive what the prostitute handed over. There is no basis in the record for according consideration to the argument thus advanced. (*L'Hote* v. *New Orleans, supra; Press* v. *Woodley*, 160 Ill. 433; *Mundt* v. *Glos*, 231 id. 158; *Clark* v. *Shawen*, 190 id. 47; *People* v. *Mc-*

*Bride,* 234 'id. 146.) So far as it might be construed to involve a claim that the rights and privileges of plaintiff in error are unlawfully curtailed because she is forbidden to accept from one engaged in an outlawed traffic, money representing the fruits of such traffic, it is clearly untenable. In the language of the court in the *L'Hote case:* "One of the difficult social problems of the day is what shall be done in respect to those vocations which minister to and feed upon human weaknesses, appetites and passions. * * * They affect directly the public health and morals." Where the public interest is thus involved, preferment of that interest may extend even to the destruction of the property interest of the individual. (*Miller* v. *Schoene,* 276 U. S. 272.) Considered in relation to the evil against which it is directed, the statutory provision here drawn into question is an undeniably proper exercise of legislative power. *L'Hote* v. *New Orleans, supra; Powell* v. *Pennsylvania,* 127 U. S. 678; *Buck* v. *Bell,* 274 id. 200; *People* v. *Fernow,* 286 Ill. 627; *City of Chicago* v. *Shaynin,* 258 id. 69.

Plaintiff in error next contends that the charge as laid in the amended information is predicated upon an amended statute which violates section 13 of article 4 of the constitution of Illinois because embracing in the amendment a non-related subject. The argument seems to be that the portion of the statute making it unlawful for any person knowingly, without lawful consideration, to take, accept or receive any money or other thing of value from any female person from the earnings of her prostitution does not define any act which constitutes pandering. The statute is entitled, "An act in relation to pandering, to define and prohibit the same, to provide for the punishment thereof, for the competency of certain evidence at the trial therefor, and providing what shall not be a defense." Following the indication of its title it proceeds to define what shall constitute the crime of pandering, and the acts charged in the within information are enumerated, along with

others, as constituting that crime. There is no merit in the contention. (*State* v. *Pippi*, 59 Mont. 116, 195 Pac. 556.) To uphold her position, plaintiff in error cites and relies upon *People* v. *Thibodeaux*, 136 La. 938. The title of the statute there involved was similar to the one here. However, in that case there was an indictment containing two counts, one of which charged the placing of a woman in a house of prostitution and the other of which charged transporting for prostitution. The only acts charged were with defendant himself, and it was admitted that it was not intended that the woman should have relations with others. The court held that the statute dealt only with pandering as defined in the dictionaries, which consisted of pimping or catering for the gratification or lust of another person. Obviously the offenses charged did not come within such definition.

It is urged that because the statute contains no definition of the words "without lawful consideration," it does not apprise everyone of what may or may not be done under it, and is therefore so incomplete and uncertain that it cannot be enforced. As the court said in *Baltimore and Ohio Railroad Co.* v. *Interstate Commerce Com.* 221 U. S. 612, "this argument, in substance, denies to the legislature the power to use a generic description, and if pressed to its logical conclusion would practically nullify the legislative authority by making it essential that legislation should define, without the use of generic terms, all the specific instances to be brought within it." It is a sufficient answer to say that the words in question have a settled meaning in the law and an unmistakable significance in the connection in which they are employed. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86; *People* v. *Apfelbaum*, 251 Ill. 18; *Klafter* v. *Examiners of Architects*, 259 id. 15.

Plaintiff in error next contends that the information does not detail the acts relied upon to constitute an offense, viz., "without lawful consideration," and that in the ab-

sence of such particulars the information is void. There was no motion to quash the information or for a bill of particulars. Whether or not plaintiff in error was entitled to a detailed statement of the circumstances attending the alleged taking of money from the prostitute if the point had been presented at an appropriate earlier stage of the proceedings, the conviction is sufficiently supported by the information under which the trial was had. *Young* v. *People,* 193 Ill. 236; *People* v. *Rhodes,* 308 id. 146; *State* v. *Schuman,* 89 Wash. 9, 153 Pac. 1084; *State* v. *Kelly,* 102 Wash. 265, 172 Pac. 1175.

The contention is also made that the information does not charge the plaintiff in error with the commission of any crime because it does not aver that the prostitute earned the money subsequent to the enactment of the statute in 1917 and within eighteen months of the time when plaintiff in error took it. The original information was filed September 10, 1929, and the amended information, under which the conviction was had, was filed October 14, 1929. The date of commission of the offense by plaintiff in error is alleged therein as December 24, 1928. The point was not made below and is raised for the first time in this court. There is no merit in it. *Young* v. *People, supra; People* v. *Rhodes, supra; State* v. *Schuman, supra; State* v. *Kelly, supra; State* v. *Howe,* 287 Mo. 1, 228 S. W. 477.

Plaintiff in error contends, finally, that the statute dealing with pandering is a complete act in itself, providing a penalty in the form of fine or imprisonment, and that in providing that in lieu of payment of the fine plaintiff in error should work it out at the rate of $1.50 per day the court added an additional punishment, which is improper. It is provided by statute that any person convicted of any misdemeanor punishable under the laws of this State may be required, by order of a court of record in which the conviction is had, to work out such fine and costs at the rate of $1.50 per day. (Cahill's Stat. 1929, chap. 38,

par. 384.) This latter provision has been upheld as applied to sentences under the statute here involved, (*People* v. *VanBever, supra,*) and we see no valid reason for not upholding the sentence here.

The judgment of the municipal court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*