**The People of the State of Illinois, Defendant in Error, v. John Wooley, Plaintiff in Error.**

**Gen. No. 37,416.**

Opinion filed June 11, 1934.

GEORGE W. BLACKWELL and EDWARD H. MORRIS, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, J. ALBERT WOLL and HENRY E. SEYFARTH, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant was charged with violation of what is known as the Lottery Act (par. 401, ch. 38, Criminal Code, Cahill, 1933). Upon trial he was found guilty and fined $300. He seeks a reversal of the judgment.

The evidence has not been preserved by bill of exceptions and we are asked to pass upon the common law record only.

The statute provides that "Whoever sets up or promotes any lottery for money, or by way of lottery disposes of any property of value," shall for such offense be fined.

Defendant says that the information filed against him stated no offense, in that it omitted the words "for money . . . or of any property of value." The information charges that defendant "did then and there unlawfully and wilfully set up and promote a lottery commonly called a policy located at 505 E. 31st Street within the City of Chicago, County of Cook and State of Illinois, in violation of Par. 406, Chap. 38, contrary to the form of the statute (Smith-Hurd.)"

The information is sufficient if the defendant is so notified of the charge as to be able to prepare his defense and the jury can understand the offense and the court pass sentence in case of conviction. *People v. Donaldson,* 341 Ill. 369. In *People v. Cohen,* 303 Ill. 523, it was said: "Great niceties and strictness of pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparations for his defense for want of great certainty or particularity."

We hold that the information which charged that the defendant "unlawfully and wilfully set up and promoted a lottery," sufficiently apprised the defendant of the character of the charge against him. In *Dunn v. People,* 40 Ill. 465, a lottery was defined as "a scheme for the distribution of prizes by chance." This definition was approved in *Thomas v. People,* 59 Ill. 160, and in *Elder v. Chapman,* 176 Ill. 142, and *Almy Mfg. Co. v. Chicago,* 202 Ill. App. 240. In *Horner v. United States,* 147 U. S. 449, a scheme to float some

bonds was declared to be a lottery, which was defined to be "an enterprise offering prizes, depending upon lot or chance."

*Commonwealth v. Mackay*, 177 Mass. 345, presented the identical question now before us. The Massachusetts statute prohibiting a lottery is in terms like our own. In that case the complaint omitted an allegation that the lottery was "for money or other thing of value." The court held that this was simply a defect in form, and that after trial and conviction it must be assumed that the evidence warranted a conviction of setting up an illegal lottery within the terms of the statute.

*Truitt v. People*, 88 Ill. 518, cited by defendant, can be readily distinguished. There the information charged the defendant was guilty of "keeping a common gaming table without a license for the same," omitting the words "for money or any other valuable thing." The court held that it was no offense to keep a table for gaming when the gaming is not for money or any other valuable thing, hence the information charged no crime. In the instant case defendant was charged with promoting a lottery, and as we have seen, a lottery signifies, both in the popular and legal sense, a scheme for the distribution of prizes by chance, and the statute makes this a crime.

The information may have been defective in form, but advantage of this should have been taken before the trial. Such defects cannot be reached by a motion in arrest. Par. 743, ch. 38 (Cahill). *People v. Hassil*, 341 Ill. 286; *People v. Glassberg*, 326 Ill. 379.

The judgment entered, however, was improper. The court found the defendant "guilty in manner and form as charged in said information herein," which was a sufficient finding, but the final judgment entered was as follows: "It is considered and adjudged by the Court that said defendant John Wooley is guilty

of the criminal offense of unlawfully set up and promote a game called policy on said finding of guilty." Defendant was not charged with setting up or promoting a game called policy, so it was error to enter a judgment finding him guilty of doing this.

For the reason last stated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.