(No. 22611.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY BRUNKALA, Plaintiff in Error.

*Opinion filed December 20, 1934—Rehearing denied Feb. 18, 1935.*

THADDEUS C. TOUDOR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and AMOS P. SCRUGGS, of counsel,) · for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Anthony Brunkala, charged with receiving stolen property, was·found guilty by a jury in the criminal court of Cook county and sentenced to the penitentiary for a term

of from one to ten years. He brings the case here by writ of error for review, seeking reversal because (1) the indictment failed to charge any crime, and (2) the evidence fails to sustain the conviction.

On October 30, 1933, three days after a robbery in Chicago, Brunkala opened an account at the Main State Bank and deposited four out of eight checks which had been taken in the hold-up. Several days later, on November 4, he also deposited the other checks referred to in the indictment. All of the deposit slips of his account were signed in the handwriting of Brunkala, and he and his signature were duly identified by the cashier and a clerk of the bank. The checks were shown by the evidence to have been stolen from Meyer Silverstein and were in varying amounts from $3.28 to $60, aggregating $167.50. After the stolen checks were deposited by Brunkala he was arrested and asked by a police officer where he got them. He replied that he did not know. Later he remembered getting one check but did not know where. At the police station he looked over the checks and saw one indorsed with the name of Joseph Alexander over his indorsement. This check he said he received from Mickey Huber, who formerly lived in the rear of his store. The police brought Huber to the station, and when Brunkala saw him he said, "That is not the man for whom I cashed the check." He was further questioned by the officer concerning three of the stolen checks bearing the indorsement of Alexander over his indorsement but did not know the persons from whom he had received them. He admitted opening the bank account on October 30 and depositing $97 in currency and three or four checks, using his right name. In explanation of the checks he testified that three men came to his place of business together; that one cashed a check for $17.60 and that another had a check for $60 which he wanted cashed, and that the unnamed man left the $60 check with him and was to come back the next day and

get a part of the money on it. He did not designate any of the three by name. He said that he cashed checks for persons whose names he did not know, and that he did not know T. Alexander, who indorsed two of the checks, including the one for $60. He stated that the man who gave him the $60 check never came back to receive the money. Payment was stopped on some of the checks, but Brunkala did not protest and paid them to close the matter. He presented no witnesses who had given him any of the checks in question.

The indictment charged Brunkala with receiving the eight checks and all were similarly described with varying amounts, followed by the averment that the checks were the property of Meyer Silverstein and were known by Brunkala to have been feloniously stolen and carried away. The dates and the varying indorsements and the names of the banks on which the checks were drawn were not specified in the indictment. For lack of fuller description, Brunkala claims that the indictment failed to charge any crime whatsoever, in that his conviction on the charge would not prevent him from being prosecuted for a similar offense, nor enable him to plead the Statute of Limitations, or show, perchance, that the payee bank was not in existence. No such particularity of description as is asserted by Brunkala has been required for indictments in this State. An indictment need only be specific to the extent of notifying the defendant of the charge he has to meet, thereby enabling him to prepare his defense. The charge must be set out in a manner to also enable the court or jury to easily understand it. (*People* v. *Slattery*, 312 Ill. 202; *People* v. *Westerdahl*, 316 id. 86.) An indictment for receiving stolen property is sufficient if the stolen articles are referred to by their general names. (*People* v. *Krittenbrink*, 269 Ill. 244; *People* v. *Knight*, 323 id. 567.) Where the article stolen is a check or note, it is only necessary for the indictment to state that the article stolen was

a check or note, giving the value thereof and the name of the owner. (*Young* v. *People*, 193 Ill. 236.) In the present case the defendant has not been handicapped in the preparation of his defense, for the description of the stolen and received articles was sufficient not only to acquaint him with the nature of the charge, but to enable him, if he could do so, to defend against each particular check. The arguments made concerning the Statute of Limitations and former jeopardy do not in their application affect the cited principles of law. Should matters be brought out in evidence during the course of a trial which would render the application of these two matters proper, the defendant would not be foreclosed against their use at that time.

Brunkala admitted on the stand that he received some of the checks mentioned in the indictment, and the evidence is conclusive that all of them passed through his hands. His version of how he obtained the checks is not convincing and is full of inconsistencies. One check was for $60, and it is difficult to believe that he innocently accepted a check in that amount from a stranger and agreed to obtain the money thereon for the purpose of turning it over to a man he did not know. His failure to produce any witnesses who had given him any of the checks must also have damaged his cause with the jury.

While the People relied upon circumstantial evidence to prove that Brunkala knew he was receiving stolen property, this does not militate against the prosecution. Under the circumstances the jurors were warranted in believing, beyond a reasonable doubt, that Brunkala knew when he received the checks that he was handling stolen property. We said in *People* v. *Allen*, 337 Ill. 383: "Direct and positive proof of guilty knowledge cannot often be obtained and is not required, but circumstances such as the purchase of goods for less than their real value from an unknown person without any inquiry as to the source of his title, or other circumstances which will induce a belief in the mind

of a reasonable person that the property was stolen, are sufficient." The record does not show a reasonable doubt of Brunkala's guilt.

The indictment contained no intrinsic defects bearing upon the real merits of the charge and the evidence was ample to sustain the conviction. The judgment of the criminal court is therefore affirmed. *Judgment affirmed.*