GENERAL MOTORS CORP. *v.* ATTORNEY GENERAL.

1. EQUITY—MOTION TO DISMISS—PLEADING.

All facts well pleaded in a bill of complaint must be accepted as true on a motion to dismiss.

2. SAME—INJUNCTION—MULTIPLICITY OF SUITS—PARTIES.

In manufacturer's suit for injunction against officers threatening to enforce law requiring payment of wages to women equal to those paid men for similar services, claim that such action would result in a multiplicity of suits and actions against it because of certain threatened civil litigation is disregarded since parties to such civil litigation, except plaintiff, are not before the court herein (Act No. 328, § 556, Pub. Acts 1931).

3. CONSTITUTIONAL LAW—INJUNCTION—EQUITY—JURISDICTION.

In manufacturer's suit against officers threatening enforcement of law penalizing wage discriminations against female employees, allegation in bill that threatened criminal prosecutions will result in great and irreparable damage must be taken as true on motion to dismiss and gives court of equity jurisdiction to decide constitutionality of statute involved (Act No. 328, § 556, Pub. Acts 1931).

4. MASTER AND SERVANT—WAGE DISCRIMINATION AGAINST FEMALE EMPLOYEES.

Statute penalizing discrimination by any employer who paid any female, engaged in manufacture of an article, a less wage than that paid to males similarly or formerly employed in such

manufacture stated but one offense and that one not indefinitely, similar employment meaning that *substantially alike* (Act No. 328, § 556, Pub. Acts 1931).

5. Constitutional Law — Statutes — Wage Discriminations — Pleading.

Plaintiff manufacturer seeking to enjoin enforcement of statute penalizing wage discriminations against female employees cannot complain that words ''any employment formerly performed by males'' inject unconstitutional uncertainty in the statute in view of allegation that for the last 10 years it had employed both men and women in its factory and absence of allegation that at present it employed only women in work formerly performed by men (U. S. Const. am. 14, § 1; Mich. Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

6. Same—Discrimination.

One who would strike down a statute as unconstitutional must bring himself, by proper averments and showing, within the class as to whom the act thus attacked is unconstitutional.

7. Same—Statutes—Uncertainty—Ambiguity—Wage Discrimination Against Female Employees.

Statute penalizing discrimination by a manufacturer in payment of less wages to women than paid to men ''in any employment formerly performed by males'' is not unconstitutional because of such uncertainty or ambiguity that its enforcement would be a denial of due process (U. S. Const. am. 14, § 1; Mich. Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

8. Same—Statutes—Wage Discrimination—Exploitation of Women.

Statute penalizing wage discrimination by manufacturers against their female employees seeks to prevent the exploitation of women workers and adopts a reasonable means to do so (Act No. 328, § 556, Pub. Acts 1931).

9. Same—Confiscation of Manufacturer's Property.

Statute penalizing wage discrimination by manufacturers against their female employees *held,* not unconstitutional as confiscatory of the manufacturer's property (Act No. 328, § 556, Pub. Acts 1931).

10. Same—Discrimination—Right to Complain.

Manufacturer, not being a member of the class allegedly injured insofar as discrimination is involved between or against female employees who were required to be paid the same wage rate for similar work done or formerly done by male employees,

may not complain as to any discrimination between or against female employees (U. S. Const. am. 14, § 1; Mich. Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

11. SAME—LEGISLATIVE REMEDY FOR PART OF AN EVIL.

The legislature has the right to remedy an evil to the extent it deems necessary and advisable and is not restricted to a complete remedy or none.

12. EVIDENCE—JUDICIAL NOTICE—WAGE DISCRIMINATION.

It is a matter of common knowledge that there are great numbers of women employed in manufacturing and that many employers pay their women employees less than they pay their men employees for identical work.

13. CONSTITUTIONAL LAW—MASTER AND SERVANT—WAGE DISCRIMINATIONS.

Statute penalizing wage discriminations by manufacturers against their female employees *held,* not so unreasonable as to be discriminatory or to effect a denial of equal protection of the laws to employers who are manufacturers (U. S. Const. am. 14, § 1; Mich. Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

14. SAME—TEST OF VALIDITY OF A STATUTE.

The Supreme Court will not go out of its way to test the operation of a statute under *every* conceivable set of circumstances but will determine its validity only in the light of the facts before it as constitutional questions are not to be dealt with in the abstract.

15. SAME—DISCRIMINATION BETWEEN EMPLOYERS—QUESTIONS REVIEWABLE.

In the absence of allegation in bill, seeking to enjoin enforcement of a statute penalizing wage discriminations by manufacturers against female employees doing the same or similar work as performed by or formerly performed by men, that there are or will be competitor employers of women who have never employed men, hence would not be subject to the act, the Supreme Court would not pass upon constitutionality of act on ground of discrimination against, and denial of equal protection of the laws to, employers (U. S. Const. am. 14, § 1; Mich. Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

16. COSTS—CONSTITUTIONALITY OF STATUTE—PUBLIC QUESTION.

In suit to enjoin enforcement of statute penalizing wage discrimination by manufacturers against their female employees,

in which the constitutionality of the statute presented a question of public moment, no costs are awarded (Act No. 328, § 556, Pub. Acts 1931).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 7, 1940. (Docket No. 55, Calendar No. 40,975.) Decided September 6, 1940.

Bill by General Motors Corporation, a Delaware corporation, against Thomas Read, Attorney General, and others to enjoin the enforcement of Act No. 328, § 556, Pub. Acts 1931. Bill dismissed. Plaintiff appeals. Affirmed.

*Carlos J. Jolly (Jacob A. Tolonen* and *Bruce G. Booth,* of counsel), for plaintiff.

*Thomas Read,* Attorney General, *Edmund E. Shepherd* and *James W. Williams,* Assistants Attorney General, for defendants.

NORTH, J. General Motors Corporation, a Delaware corporation, duly authorized to do business in Michigan, is engaged in the business of manufacturing and selling automobiles and parts in Lansing, Michigan. In its business the plaintiff corporation employs both men and women in various branches of its work, maintaining a wage scale, varying and graduated for both women and men, and said to be based upon the skill, experience, capacity, and ability of its employees.

In 1931, the legislature of Michigan enacted Act No. 328, § 556, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-556, Stat. Ann. § 28.824), which was a reenactment of Act No. 239, Pub. Acts 1919 (2 Comp. Laws 1929, §§ 8497, 8498). This act creates a misdemeanor punishable by fine or imprisonment or both; and the pertinent portion reads:

"SEC. 556. Any employer of labor in this State, employing both males and females in the manufacture or production of any article, who shall discriminate in any way in the payment of wages as between sexes or who shall pay any female engaged in the manufacture or production of any article of like value, workmanship and production a less wage, by time or piece work, than is being paid to males similarly employed in such manufacture, production or in any employment formerly performed by males, shall be guilty of a misdemeanor: *Provided, however,* That no female shall be given any task, disproportionate to her strength, nor shall she be employed in any place detrimental to her morals, her health or her potential capacity for motherhood."

In June or July, 1937, a factory inspector employed by the department of labor and industry called upon the superintendent of the paint shop of the Oldsmobile Motor Works Division of General Motors Corporation in Lansing and demanded that the superintendent pay women employees the difference between what had been paid to men employed in the paint shop and that paid women, giving him until noon to make the payments and threatening that failure to pay would mean action, presumably under the above section 556 of Act No. 328. This was reported by the superintendent to his superior.

On March 8, 1938, the attorney general of Michigan in an opinion had upheld the act as constitutional. April 7, 1938, a suit was started against plaintiff in the instant case by a woman employee, Florence St. John, who sued for the unpaid portion of back wages both in her own right and as assignee of other women employees. This suit was removed by defendant to the Federal court and is still pending. September 27, 1939, the plaintiff corporation filed its bill herein for an injunction against enforce-

ment of the quoted act, asserting it is unconstitutional as being in violation of article 2, § 16, of the Michigan Constitution, and section 1 of the fourteenth amendment of the United States Constitution, arbitrary, uncertain, confiscatory, and discriminatory. A declaratory decree is also sought. The attorney general, the prosecuting attorney, and the commissioners of the department of labor and industry for the State of Michigan are made defendants. These defendants appeared and made a motion to dismiss the bill of complaint. Among the grounds urged for dismissal are the following: That the bill of complaint states no cause of action against defendants; that it seeks to restrain prosecution of criminal suits; that it seeks to restrain defendant public officials from performing their official duties; that complainant has a complete and adequate remedy at law; and that the court of equity is without jurisdiction. Upon hearing in the circuit court the motion to dismiss was granted and plaintiff has appealed.

In this record there is no affirmative countershowing as against the allegations contained in plaintiff's bill of complaint. It is elementary that on a motion to dismiss all facts well pleaded must be accepted as true. In the bill it is alleged that plaintiff fears and believes and has good reason to fear and believe that the defendants will attempt to compel plaintiff to comply with the pertinent provisions of Act No. 328, Pub. Acts 1931, and that defendants will attempt to recover from plaintiff fines, penalties and forfeitures unless defendants are enjoined from so doing; and further: "That any effort to enforce said section 556 or to collect fines, penalties, and forfeitures in accordance with the provisions of said section * * * would result in a

multiplicity of suits and actions against the plaintiff, and would cause great and irreparable damage to the plaintiff in an amount of more than $1,000.''

A fair consideration of the bill of complaint discloses that plaintiff is confronted with numerous threatened suits, some civil and some criminal. As to threatened civil suits it is obvious that with the exception of plaintiff herein the parties who might be interested in such suits are not before the court in the instant case; and since it is not essential to decision herein, we disregard plaintiff's claim of threatened multiplicity of civil suits.

But plaintiff has alleged in its bill, and it must be accepted as true on this motion to dismiss, that it is threatened by defendants with criminal prosecutions which will result in great and irreparable damage; and the question at once arises whether this gives the court in equity jurisdiction. We think it does, and we have so held in former cases. *Michigan Salt Works* v. *Baird,* 173 Mich. 655; *Lewis* v. *Michigan State Board of Dentistry,* 277 Mich. 334. See, also, *Ex parte Young,* 209 U. S. 123 (28 Sup. Ct. 441, 13 L. R. A. [N. S.] 932, 14 Ann. Cas. 764). Since the trial court had jurisdiction on the ground of granting injunctive relief against threatened criminal prosecutions of such scope and in such numbers as would constitute great and irreparable injury, it also had jurisdiction to pass upon the major question, *i. e.,* the constitutionality of the quoted statute. If it is constitutional the circuit judge's dismissal of plaintiff's bill of complaint should be affirmed, but if it is unconstitutional his ruling should be reversed.

As above noted, the plaintiff and appellant contends that the quoted statute is unconstitutional for the following reasons:

1. It is uncertain.
2. It is arbitrary.
3. It is confiscatory.
4. It is discriminatory.
5. It denies equal protection of the laws.

The chief contention on which the claim that the statute is unconstitutional is based is that it is so uncertain and ambiguous that its attempted enforcement would be a denial of due process of law.  Objection is made specifically to the use of the words "similarly" and "formerly" in the statute which we requote in part:

"Any employer * * * who shall pay any female engaged in the manufacture or production of any article of like value, workmanship and production a less wage, by time or piece work, than is being paid to males *similarly* employed in such manufacture, production, or in any employment *formerly* performed by males, shall be guilty of a misdemeanor."

A reading of the statute is convincing that it sets out only one offense and that the words "or who shall pay any female engaged in the manufacture or production of any article," *et cetera,* are only definitive of what constitutes discrimination in the payment of wages.  The first objection is that the phrase "males *similarly* employed" is indefinite. We do not think so.  The word "similarly" has a definite meaning and as used in this statute means *substantially alike.*  This phrase simply means that the employer shall not, because of her sex only, pay a woman employee less than it pays a man employee for doing work of substantially the same character, quality and quantity.  The standard so set is clear and unambiguous.

The second objection in support of appellant's claim of uncertainty relates to the words "or in any

employment formerly performed by males." There is no allegation in the bill of complaint that plaintiff or any other employer is at present employing only women in work formerly performed by men. On the contrary in its bill of complaint plaintiff alleges that at present and for more than 10 years last past it has employed both men and women in its factory. As to plaintiff and others like situated, use of the quoted phrase does not inject any uncertainty into the statute. It is a well-established rule of constitutional law that one who would strike down a statute as unconstitutional "must bring himself, by proper averments and showing, within the class as to whom the act thus attacked is unconstitutional." *Southern Railway Co.* v. *King,* 217 U. S. 524, 534 (30 Sup. Ct. 594). See, also, 11 Am. Jur. p. 748, § 111; *Premier-Pabst Co.* v. *Grosscup,* 298 U. S. 226 (56 Sup. Ct. 754); *James Stewart & Co.* v. *Rivara,* 274 U. S. 614 (47 Sup. Ct. 718); *Gorieb* v. *Fox,* 274 U. S. 603 (47 Sup. Ct. 675, 53 A. L. R. 1210).

The claim that the statute is arbitrary and confiscatory is unsupported either by a consideration of the effect of the statute or of the allegations in the bill of complaint. There is nothing arbitrary about the statute on its face and there is no allegation of a state of facts which would make it arbitrary. The statute seeks to prevent the exploitation of women workers and adopts a reasonable means to do so. Nor is the statute confiscatory. There is no allegation in the bill of complaint that paying women workers the same wages that men receive for the same service will work confiscation of plaintiff's property; nor are any facts alleged which might lead to that conclusion.

Plaintiff further claims that the statute is discriminatory and denies the equal protection of the

laws, first, as to female employees, and, second, as to employers. As to any discrimination between or against female employees, plaintiff not being a member of the class allegedly injured cannot be heard to complain. *Southern Railway Co.* v. *King, supra; Heald* v. *District of Columbia,* 259 U. S. 114 (42 Sup. Ct. 434); *Erie R. Co.* v. *Williams,* 233 U. S. 685 (34 Sup. Ct. 761, 51 L. R. A. [N. S.] 1097). Plaintiff, however, further contends that there is a denial of equal protection of the laws and discrimination in making the law applicable only to employers engaged "in the manufacture or production of any article," and not to mercantile employment, et cetera. The evil sought to be eradicated is discrimination against women, and plaintiff cannot complain merely because the legislature attempted to remedy only a part of the problem rather than the entire situation. Plaintiff's complaint on this score is, in reality, that the statute is void because it is not broad enough. *Rosenthal* v. *New York,* 226 U. S. 260 (33 Sup. Ct. 27, Ann. Cas. 1914 B, 71). The legislature has the right to remedy the evil to the extent it deems necessary and advisable and it is not restricted to a complete remedy or none. *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379 (57 Sup. Ct. 578, 108 A. L. R. 1330). The legislature need not cover the whole field but may within reason select one particular portion in which to remedy evils. It is a matter of common knowledge that there are great numbers of women employed in manufacturing and that many employers pay their women employees less than they pay their men employees for identical work. The classification made both as to employees and employers in seeking to remedy this situation is not so unreasonable as to be discriminatory or such as effects a denial of

equal protection of the laws. *Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495, 515 (57 Sup. Ct. 868, 109 A. L. R. 1327).

Plaintiff alleges that employers in the same locality may be required to pay different wages to women employees for the same work while new competitors who have never employed males may not be subject to the law at all. As to this hypothetical objection it may be noted the differences, if any, will not be created by a discrimination or inequality in the law, but by the fact that the law operating in different circumstances in a uniform manner will necessarily give different results. The law applies a uniform standard to all employers subject to its provisions. The law does not endeavor to set the same wages for all women employees, but rather it seeks to provide the same wage conditions for women as for men, and necessarily the differences in pay of men will be reflected in the wage scale for women. As to new competitors who may employ only women, whether there will or can ever be such employers is purely conjectural. There is no allegation that there are such employers. The court will not go out of its way to test the operation of a law under every conceivable set of circumstances. The court can only determine the validity of an act in the light of the facts before it. Constitutional questions are not to be dealt with in the abstract. *Bandini Petroleum Co.* v. *Superior Court,* 284 U. S. 8 (52 Sup. Ct. 103, 78 A. L. R. 826) ; 11 Am. Jur. p. 753, § 111, and cases cited in note 18.

On the factual background presented by this record the quoted statute must be held constitutional as against any objection urged by appellant. Since the statutory provision is valid the bill of complaint does not state a cause of action entitling appellant to any equitable relief ; and, therefore, the decretal

order of the circuit judge dismissing the bill of complaint is affirmed. The controversy presented a question of public moment and no costs are awarded.

BUSHNELL, C. J., and SHARPE, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.