(No. 33584-5.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* WALTER J. REINER, Defendant in Error.

*Opinion filed September 23, 1955.*

LATHAM CASTLE, Attorney General, of Springfield, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, (JOHN L. DAVIDSON, JR., WALTER L. LINDGREN, FRED G. LEACH, LEE D. MARTIN, and WILLIAM C. WINES, of counsel,) for the People.

CHESTER THOMSON, RALPH SCHROEDER, and ROBERT MARKOWITZ, all of Bloomington, for defendant in error.

WILLIAM S. WARFIELD III, and FRANCIS D. FISHER, *amici curiae,* for The Citizens Traffic Safety Board of Chicago; JOSEPH H. BRAUN, HUGH NEILL JOHNSON, and PHILIP E. RYAN, all of Chicago, (ODE L. RANKIN, of counsel,) *amici curiae,* for Chicago Motor Club.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Walter J. Reiner, a police magistrate of the city of Bloomington, was indicted by the McLean County grand jury for palpable omission of duty. (Ill. Rev. Stat. 1953, chap. 38, par. 449.) The indictment charged that the defendant, as police magistrate, entered a judgment convicting one Lyle Casali of driving while drunk in violation of an ordinance of the city of Bloomington, but that the defendant did not report the conviction to the Secretary of State as it was his duty to do under the Drivers License Act. (Ill. Rev. Stat. 1953, chap. 95½, par. 73.32.) Defendant moved to quash the indictment on the ground that the Drivers License Act is unconstitutional and because of alleged technical defects in the indictment. The circuit court held the statute unconstitutional and entered judgment quashing the indictment. The State has appealed.

Section 32(a)(2) of the Drivers License Act provides: "Whenever any person is convicted of any offense under

this Act or the Uniform Act Regulating Traffic on Highways or similar offenses under a municipal ordinance, other than regulations governing standing, parking or weights of vehicles, it shall be the duty of the clerk of the court in which such conviction is had, or the judge of such court if such court has no clerk, within three days thereafter to forward to the Secretary of State a report of the conviction and the court may recommend the suspension of the operator's or chauffeur's license or permit of the person so convicted." Ill. Rev. Stat. 1953, chap. 95½, par. 73.32.

The section states that the purpose of requiring these reports is to provide the Secretary of State with "records essential to the performance of his duties under this Act to revoke or suspend the operators' and chauffeurs' licenses and privileges to drive motor vehicles of persons found guilty of the criminal offenses or traffic violations which this Act recognizes as evidence relating to unfitness to safely operate motor vehicles, * * *." Section 33 makes it the duty of the Secretary of State to revoke the license upon receiving a report of conviction of certain enumerated offenses, and section 34 authorizes him to revoke the license upon receiving a report of conviction of other offenses. Both sections authorize him, after a license has been revoked, to issue a "restricted driving permit" when "undue hardship" would result from loss of the regular operator's license. Section 35 authorizes him to require drivers suspected with "good cause" of being "incompetent or otherwise not qualified," to submit to an examination. Section 36 governs the length of time during which a license revocation or suspension will be effective. Ill. Rev. Stat. 1953, chap. 95½, pars. 73.33-73.36.

The circuit court held all of these sections of the Act invalid;—section 32 because it "is in violation of Article 3 of the Illinois Constitution in that it imposes upon a constitutional judicial officer ministerial functions not reasonably incidental to the fulfillment of judicial duties,"—and

sections 33, 34, 35 and 36 because they "are in violation of the Illinois Constitution in that there is a failure to provide adequate guides or standards for the Secretary of State to discharge the duties provided therein and permit said officer to exercise judicial and discretionary functions without providing adequate standards and guides for the performance of said functions."

We consider first the attack upon sections 33, 34, 35 and 36. Those sections deal with the revocation or suspension of licenses, and the issuance of restricted driving permits after revocation or suspension. Extensive arguments are presented in support of and against their validity, but in our view that issue is not properly before us. A court will consider the validity of a statutory provision only at the instance of one who is directly affected by it, (*People* v. *Diekmann,* 285 Ill. 97, 101; *People* v. *McBride,* 234 Ill. 146, 166; *DuBois* v. *Gibbons,* 2 Ill. 2d 392,) unless, indeed, the unconstitutional feature is so pervasive as to render the entire act invalid. It is therefore "* * * pertinent to inquire who is and who is not complaining." *People* v. *Hassil,* 341 Ill. 286, 288.

In this case the defendant is not injured or affected by these sections of the statute. His license has not been revoked or suspended. And it has frequently been held that one who is not directly affected by the revocation provisions of a licensing act may not challenge them. (*Williams* v. *People,* 121 Ill. 84, 90 (physicians); *Kettles* v. *People,* 221 Ill. 221, 233 (dentists); *Elliott* v. *University of Illinois,* 365 Ill. 338, 346 (accountants).) The defendant's position as a judicial officer does not alter the case, for he was not called upon to consider the validity of this statute in determining Casali's guilt or innocence. In attacking the statute now, he does so as a private citizen. It is not suggested that the challenged provisions are so indispensable that the General Assembly would not have enacted the statute without them. The separability clause (Laws of

1953, p. 491) indicates the contrary. We hold, therefore, that no question as to the validity of sections 33, 34, 35 and 36 is properly presented in this case.

Defendant's attack on the validity of section 32 of the Act stands upon a different footing, for he is directly charged with a violation of that section. He contends that the requirement that he submit reports of convictions to an executive officer violates article III of the constitution because it imposes non-judicial duties upon a member of the judiciary, and he emphasizes that the statute states that the reports are required for the purpose of providing the Secretary of State with records essential to the performance of his executive or administrative duties in connection with the revocation or suspension of licenses.

The defendant's argument proceeds upon the assumption that once it is shown that the duty imposed upon the police magistrate is administrative in character, the invalidity of the statute is established. This is not the view which has been taken by our decisions. On the contrary, there has been recognition of the basic fact that the three departments are parts of a single operating government, and that the separation of powers clause was not designed to achieve a complete divorce between them. So it was said of the separation of powers clause of the constitution of 1818, "It does not mean that the legislative, executive, and judicial power should be kept so entirely separate and distinct as to have no connection or dependence, the one upon the other; but its true meaning, both in theory and practice, is, that the whole power of two or more of these departments shall not be lodged in the same hands, whether of one or many." (*Field* v. *People ex rel. McClernand,* 2 Scam. 79, 83.) The difficulty involved in classifying particular acts as exclusively legislative, executive or judicial has been frequently pointed out, (see, for example, *Owners of Lands* v. *People ex rel. Stookey,* 113 Ill. 296, 309; *Donahue* v. *County of Will,* 100 Ill. 94, 108; *Dodge* v. *Cole,* 97 Ill.

338, 357,) and that difficulty has prevented a doctrinaire interpretation of the constitutional provision.

Defendant relies particularly upon *In re Richardson,* 247 N.Y. 401, 160 N.E. 655, and *People ex rel. Christiansen* v. *Connell,* 2 Ill. 2d 332. In our opinion neither of these cases is controlling. *In re Richardson* involved the validity of a statute which made it the duty of members of the judiciary, at the direction of the Governor, to investigate charges against public officers and report their findings and recommendations to the Governor. *People ex rel. Christiansen* v. *Connell* involved the validity of a statute which authorized judges to invite parties contemplating a divorce to a conference prior to the filing of any judicial proceeding. In each of these cases the duties which the statute imposed upon the judge were onerous and time-consuming. In each the judge was required to hear without the power to decide. Both cases rest largely upon the ground that a judge's time must be conserved for a judge's work. Neither case, however, suggests that the time and energies of the judiciary must be so jealously guarded as to impede or stop the machinery of government.

No more is involved here than the duty to communicate the result of judicial action to an executive officer. That duty is non-judicial, but it can hardly be said to attain the status of a governmental power of any description. The constitution does not erect barriers between the departments so high and so rigid that communication between them is prohibited. Other statutes similarly require the transmission of information from the judiciary to the executive branch of the government. (See, for example, Ill. Rev. Stat. 1953, chap. 23, par. 392; *People ex rel. Baker* v. *Strautz,* 386 Ill. 360; Ill. Rev. Stat. 1953, chap. 38, par. 806.) Article III of the constitution does not command that the judiciary be kept aloof from the general operations of government beyond the point necessary to preserve judicial independence and to avoid the dissipation

of energy which should be conserved for judicial duties. That point has not been reached in the present case, and we hold that section 32 does not violate article III of the constitution. *Cf. State* v. *Wood,* 98 N.H. 418, 101 Atl. 2d 774.

Section 32 made it the duty of the defendant in this case to report convictions of offenses under a municipal ordinance which are "similar" to offenses under the Drivers License Act or Uniform Act Regulating Traffic on Highways. Defendant argues that the determination that offenses under the statutes are similar to offenses under an ordinance is a judicial determination which cannot be reviewed by a grand jury, and suggests that this provision of the statute is unduly vague. In our opinion the argument is without merit. As we have pointed out, the submission of reports is not the exercise of judicial power, but is the performance of a ministerial duty. If it be assumed that the defendant's failure to submit the report was due to an error in judgment, it cannot be said that the mistake was made in the performance of a judicial act. Since this is so, considerations relating to the preservation of judicial independence do not require that his determination be conclusive. Nor do we think that the word "similar" is ambiguous in the limited context in which it is here used. So far as the present case is concerned, the precise question is whether the offense of driving while "drunk or intoxicated," which the ordinance forbids, is similar to that of driving while "under the influence of intoxicating liquor," which is made unlawful by section 47 of the Uniform Act Regulating Driving on Highways. (Ill. Rev. Stat. 1953, chap. 95½, par. 144.) The answer does not admit of doubt. No instances in which the determination would give rise to genuine difficulty are indicated in the record, none have been suggested by the defendant, and none have occurred to us. As this court has pointed out, "To deny to the legislature the power to use a generic description, if pressed to its logical conclusion, would practically nullify

legislative authority by making it essential that the legislature should define, without the use of the generic terms, all the specific instances to be brought within it." *Amberson* v. *Amberson,* 349 Ill. 249, 253; *People* v. *Hassil,* 341 Ill. 286; *Baltimore and Ohio Railroad Co.* v. *Interstate Commerce Com.* 221 U.S. 612; see, also, *General Motors Corp.* v. *Attorney General,* 294 Mich. 558, 293 N.W. 751.

Paragraph (a) of section 32 requires that reports of convictions be forwarded to the Secretary of State within three days from the date of conviction. Paragraph (b) of section 32 provides that "the term 'conviction' means a final conviction." Since appeals from the judgment of a magistrate may be taken to a court of record as a matter of right within twenty days, (Ill. Rev. Stat. 1953, sec. 116,) defendant contends that it is not certain whether the statute means that a conviction in his court is final on the date of its entry or that it becomes final only when the time for appeal to a court of record has elapsed. We do not agree that the statute is uncertain. The finality of a judgment is not ordinarily contingent on future appeals. Indeed, an appeal is not normally permitted unless the order appealed from is final. (*Watson* v. *Hobson,* 396 Ill. 617.) And where the word "final" has not been used in the sense of a completed disposition in the tribunal of first instance, the context of the statute has so indicated. (See *Board of Education* v. *Nickell,* 410 Ill. 98.) As used in the present statute the word "final" could hardly refer to the expiration of the time fixed for review, for section 32 applies to courts of record as well as to justices of the peace and police magistrates, and a conviction by a court of record is reviewable by writ of error sued out at any time within twenty years after the date of conviction.

Finally, defendant urges that the indictment is so general as not to inform him of the offense with which he is charged. In support of this contention it is argued that the indictment does not mention the kind of motor vehicle

Casali was driving. There is no merit in this contention. Each of the five counts in the indictment alleges that one Lyle Casali was convicted by the defendant on July 14, 1954, of driving while drunk in violation of a municipal ordinance of Bloomington. Under the ordinance it is unlawful to drive any type of motor vehicle while drunk. The indictment fairly apprises the defendant of the charge against him and the facts on which the charge is based. No more is necessary. *People* v. *Donaldson,* 341 Ill. 369; *People* v. *Brunkala,* 359 Ill. 206.

It follows that the circuit court erred in quashing the indictment. Its judgment must therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*