In the Matter of the Estate of PATRICK WALSH, Deceased.

Surrogate's Court, Kings County, January 16, 1948.

*Joseph P. Walsh* for Michael F. Walsh and another, as executors of Patrick Walsh, deceased.

*Fred M. Ahern, William J. Wilson, Mortimer M. Kassell* and *Francis Kelliher* for State Tax Commission, appellant.

McGAREY, S. The executors herein move to dismiss the appeal of the State Tax Commission from an order exempting this estate from estate tax entered upon a contested motion.

The original motion to exempt the estate from taxation was vigorously contested and involved a construction of the provisions of section 249-q of the Tax Law. After careful consideration, this court granted the motion. In so doing, it intended to act judicially, and not *pro forma* or as an assessing officer.

There is no specific provision in the Tax Law for either motions to exempt estates from taxation or to fix the tax. The law merely provides for fixing the tax or exempting the estate from taxation on the report of the appraiser or without appointing an appraiser (§ 249-w). However, for more than thirty years the practice of fixing the tax or exempting an estate from tax by motion has been recognized and followed. It is an expeditious and most satisfactory method of handling the detail of estate administration. Most motions are handled *pro forma* — there is no opposition or question presented for judicial determination and appeals from such determinations have followed the same procedure as appeals from *pro forma* orders entered on the reports of the appraiser.

Such appeals are governed by section 249-x of the Tax Law and require an appeal to the Surrogate in his judicial capacity from the order entered in his administrative capacity, and thereafter an appeal will lie to the Appellate Division from such order entered on the appeal to the Surrogate.

This double appeal procedure is unduly cumbersome, complicated and confusing, and should be corrected by appropriate legislation.

The court believes that exceptions or objections should be required to be filed to the report of the estate tax appraiser within a limited time. If no exceptions or objections are filed, an order should be entered fixing the tax in the estate from which no appeal would lie. If exceptions or objections are filed, the Surrogate should decide the issues so raised and appropriate order should be entered. Any appeal from such order should be to the Appellate Division.

Where the motion procedure is followed no appeal should lie from an order entered on an uncontested motion. But, where the motion is contested, an appeal should be taken directly to the Appellate Division from the order entered thereon.

This court believes that in this proceeding the State Tax Commission was justified in following the established practice of first appealing to the Surrogate from the order entered on the motion in view of the decisions in the *Matter of Costello* (189 N. Y. 288), and other cases since decided, in none of which, however, was the factual situation the same as in the instant proceeding.

This court further believes that where the order is entered on a contested motion, it acts in a judicial capacity and not as a *pro forma* assessing officer. Where the motion is uncontested, it does not act in a judicial capacity but as an assessing officer.

Under all the circumstances, the motion to dismiss the appeal is denied.

On the appeal, however, the court has carefully reconsidered all the facts presented both on the original motion and on the appeal, and for all the reasons originally stated, it adopts and reaffirms its original decision and incorporates such decision as if fully set forth herein.

Proceed accordingly.