In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of MARY COSTELLO, Deceased.

WILLIAM B. DAVENPORT, as Administrator, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent and Appellant.

1. APPEAL — PRACTICE ON APPEAL FROM DETERMINATION OF SURROGATE ACTING AS ASSESSOR UNDER TRANSFER TAX ACT. An appeal to the Appellate Division from the decision of a surrogate, acting as an assessor under the Tax Law (L. 1896, ch. 908, §§ 231, 232), is properly dismissed. The proper practice is to apply to him to review his decision made as a taxing officer and then appeal from his judicial determination thereof.

2. TAXATION OF SHARES OF NIECES. Whether or not the individual shares of nieces of a decedent are subject to a transfer tax is determined

by the aggregate amount of his personal property. If the aggregate is more than $500, the amount passing to the nieces is taxable, although their individual shares are less than $500.

*Matter of Costello*, 117 App. Div. 807, modified.

*Matter of Costello*, 117 App. Div. 807, affirmed.

(Argued May 27, 1907; decided October 8, 1907.)

APPEAL by the administrator from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 8, 1907, which reversed an order of the Kings County Surrogate's Court exempting the estate of Mary Costello, deceased, from a transfer tax.

Also appeal by the comptroller of the state of New York from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 8, 1907, which dismissed an appeal taken by said comptroller directly to the Appellate Division from the order of the surrogate acting as an assessor.

The facts, so far as material, are stated in the opinion.

*R. M. Cahoone* and *Frederick H. Chase* for administrator, appellant. The construction contended for by the comptroller does clear violence to the known legislative intent. (Black. Comm. 87; *Matter of Hoffman*, 143 N. Y. 327; *Matter of McCready*, 6 Den. 292; *Matter of McMurray*, 96 App. Div. 128; *Matter of Bliss*, 6 App. Div. 192; *Matter of Conklin*, 39 Misc. Rep. 771; *Matter of Mock*, 49 Misc. Rep. 283.)

*Mark Cohn* for state comptroller, respondent and appellant. A tax might lawfully be imposed upon the passing of the property of the decedent to Annie Costello and Johanna Costello, her two nieces. (*Matter of Hoffman*, 143 N. Y. 327; *Matter of Hall*, 88 Hun, 68; *Matter of Corbett*, 171 N. Y. 516; *Matter of Garland*, 88 App. Div. 380; *Matter of McMurray*, 96 App. Div. 128; *Matter of Fisher*, 96 App. Div. 133; *Matter of Rosendahl*, 40 Misc. Rep. 542;

19

*Matter of Mock*, 113 App. Div. 913.) In an independent proceeding, not having for its purpose an appraisal of an estate, and not contemplating any action at all by way of appraisement, where the Surrogate's Court, after due notice to the parties interested and full hearing and deliberation, has assumed to make an order exempting an estate from taxation, it is not necessary to go through the form of appealing from such order to the same surrogate, and have him formally affirm his first order before an appeal can be taken therefrom to a higher court. (*Weston* v. *Godrich*, 86 Hun, 194; *Matter of Scrimgeour*, 80 App. Div. 388; *Matter of Collins*, 104 App. Div. 184.)

EDWARD T. BARTLETT, J.   Mary Costello of Kings county died in September, 1895, intestate, leaving her surviving a sister and two nieces, and being possessed of personal property amounting to $1,168.62.   Letters of administration were issued to the public administrator of Kings county in March, 1896.   On a judicial settlement of his accounts in December, 1896, the decree showed that the total estate coming to his hands after the deduction of debts and expenses of administration was a balance of $654.90 to be distributed to the next of kin of decedent.   The sister was entitled to one-half of this balance, or $327.45, and the nieces each to one-fourth thereof, or $163.72.

The surrogate of Kings county, acting as an assessor, decided that the estate of the decedent was not subject to a transfer tax.   The comptroller of the State of New York appealed to the surrogate, acting judicially, which resulted in an affirmance; thereupon appeal was taken to the Appellate Division where the order of the surrogate was reversed.

A preliminary question of practice is raised for our consideration which arises under the following circumstances: The Transfer Tax Act (§§ 231 and 232) provides for the action of the surrogate in a dual capacity.   By section 231 the surrogate is permitted to act as a taxing officer or appraiser and may determine the cash value of an estate and the amount

of tax to which the same is liable.   Section 232 provides that the comptroller of the state or any person dissatisfied with the appraisement or assessment and determination of tax may appeal therefrom within sixty days to the surrogate to review the same.

In the case at bar the learned counsel for the comptroller insisted that this practice was anomalous and unnecessary; that an appeal could be taken from the surrogate, acting as appraiser or assessor, directly to the Appellate Division, and he accordingly, in order to test this question, served two notices of appeal from the order of the surrogate, acting as appraiser, wherein he determined that the estate was not subject to the transfer tax, one directly to the Appellate Division and the other to the surrogate, acting judicially, as the statute provides.   The Appellate Division dismissed the comptroller's appeal taken directly to that court from the order of the surrogate acting as an assessor.   On the comptroller's appeal taken from the order of the surrogate, acting judicially, the same was reversed.

When we keep in mind the fact that the surrogate is a mere taxing officer or assessor, when acting under section 231, no incongruity is presented although it is somewhat unusual that a judicial officer should sit in review of his own decision as an assessor.   It is, however, to be said that on an appeal to the surrogate, acting judicially, a complete record is submitted and both sides are heard.   We are of opinion that the Appellate Division properly dismissed the comptroller's appeal from the order of the surrogate made when acting as a taxing officer.

This brings us to the consideration of the merits.   The question presented is whether the amount to which the nieces are each entitled is subject to the transfer tax.   The amount involved is trivial, but the proper construction of the Transfer Tax Act is important.   We are induced by the earnest argument submitted on behalf of the comptroller to point out that the question now discussed is settled by the decisions of this court.

Prior to the amendment of the Inheritance Tax Law by chapter 399 of the Laws of 1892 it was held that the law imposed a tax upon the right of succession to the property of the testator or intestate which vested in the successors severally. The act of 1892 worked a complete change in the manner of assessing the tax.

In *Matter of Hoffman* (143 N. Y. 327) Judge FINCH said : " In construing the Inheritance Tax Law as it stood prior to the act of 1892, we had occasion to decide that it imposed a tax upon the right of succession to the property of the testator or intestate which vested in the successors severally and in their respective shares or proportions, and not upon the property or estate of the decedent. The shares received, in the hands of the recipients, were the measures of the right which was subjected to assessment, and the imposed tax could be enforced personally against the successor charged." The learned judge then proceeds with great clearness and elaboration to point out that the legislature had declared that the word " property " shall mean what passes to those not exempted, and not what passes to individual transferees.

In *Matter of Corbett* (171 N. Y. 516) it was held that under the provisions of the statute relating to taxable transfers, as limited and defined therein, it is the aggregate amount of the personal property of the estate left by a decedent and not the amount of the particular estate, or specific share or legacy, which passes from or is transferred by the decedent which determines whether the tax shall be imposed or not, and when the aggregate amount of the personal property exceeds the sum of ten thousand dollars a tax must be imposed upon each and all of the estates which are exempted therefrom when the aggregate amount of the personal property does not exceed the sum of ten thousand dollars, except upon legacies to a bishop or any religious corporation. This case was decided under the exceptions and limitations contained in section 2 of the original act, now to be found in section 221 of the Tax Law.

The same principle and construction is to be applied to the

case of the two nieces now before us; the exemptions here controlling are contained in section 1 of the original act and now known as section 220 of the Tax Law. It reads: " A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases: 1. When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of the state.   *    *    * "

When the original Transfer Tax Law and the amendments thereof were re-enacted as a part of the Tax Law, section 22, which dealt with definitions, became section 242 of the Tax Law. That section reads, in part, as follows: " The words ' estate ' and ' property,' as used in this article, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred to those not herein specifically exempted from the provisions of this article, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees or vendees, and shall include all property or interest therein, whether situated within or without this state."

We thus have this situation presented: The estate passing into the hands of the public administrator amounted to $1,168.62; in other words, it exceeded five hundred dollars, and is the amount that determines whether the very small sum passing to each of these nieces is taxable. This is precisely the same question that was determined in *Matter of Corbett* (*supra*), except that the court was dealing with different exemptions and larger amounts.

The share of the decedent's estate to which the sister is entitled has properly been held not subject to the transfer tax, but the shares of the nieces are clearly taxable.

The order of the Appellate Division appealed from, which reversed absolutely the order of the Surrogate's Court that

held that the estate of decedent was not subject to the pay-
ment of the transfer tax, should be so modified as to hold the
shares of the nieces taxable at the rate of five per cent, and
as modified affirmed, without costs to either party.

CULLEN, Ch. J., O'BRIEN, HAIGHT, WERNER, HISCOCK and
CHASE, JJ., concur.

Ordered accordingly.