In the Matter of the Application of PHILIP A. MYLOD, Appellant, for a Peremptory Mandamus Order against MARK GRAVES, as Commissioner of Taxation and Finance, JOHN J. MERRILL and JOHN P. HENNESSEY, Commissioners, as and Constituting the State Tax Commission of the State of New York, Respondents.*

Third Department, January 20, 1937.

* Revg. 158 Misc. 920.

*James E. Carroll* [*Leonard Acker* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Seth T. Cole, Special Assistant Attorney-General,* of counsel], for the respondents.

RHODES, J.   The question presented is whether petitioner is entitled to the hearing provided for by section 22 of the Civil Service Law before removal.

Prior to April 5, 1923, in the county of Dutchess, the position of State transfer tax appraiser and the position of so-called attorney as to said taxable transfers were held by different persons.  On that day the petitioner was appointed " Appraiser-Attorney " by the head of the State Tax Commission, and his salary was fixed at $4,000 per year.  He performed the duties of said office until July 25, 1935, when his resignation was demanded by the head of the State Tax Commission who s ated that it was his intention to remove petitioner.  Petitioner informed the Commissioner that he was an honorably-discharged sailor from the navy of the United States and that he was subject to removal only after a trial upon charges, but the Commissioner on said date appointed another to the position, whereupon petitioner applied for a peremptory mandamus order to compel his reinstatement, which application was denied by the order appealed from herein.

The petitioner asserts that the position is included in the exempt class of the classified service and so provided by the rules of the Civil Service Commission of the State and designated by said Civil Service Commission as " Estate Tax Appraiser and Attorney."

Section 229 of the Tax Law is as follows:

" § 229. Appointment of appraisers, stenographers and clerks. There shall be a salaried appraiser for each of the counties of New York, Kings, Bronx, Albany, Dutchess, Erie, Monroe, Nassau, Niagara, Oneida, Onondaga, Orange, Queens, Rensselaer, Richmond, Suffolk, Chautauqua and Westchester.  The President of the Tax Commission shall appoint for each such county an appraiser, and such stenographers and other employees as may be needed for the proper administration of this article, and shall fix their salaries within the amounts appropriated for such purpose.  The President of the Tax Commission may also designate one or more deputy appraisers for any of the aforementioned counties.  Appraisal reports may be signed by the appraiser or deputy.  The provisions of section nine of the Public Officers Law shall apply to deputy appraisers appointed pursuant to this section."

It will thus be seen that the position of appraiser for the county of Dutchess is specifically named in said section, but the position of attorney is not specifically mentioned therein and does not

seem to be provided for by statute elsewhere; however, the section does permit the head of the Tax Commission to appoint *such other employees* as may be needed. It is apparently by virtue of this provision that the appointment as " attorney " was made. Said section has been many times amended, being part of section 230 of the former Tax Law of 1896, and it then required appointment by the State Comptroller, but always until the year 1921 it provided that the appointing power should appoint and might " at pleasure remove."

In *People ex rel. McNeile* v. *Glynn* (128 App. Div. 257) it was held that a State transfer tax appraiser was subject to removal without a hearing upon charges under the Civil Service Law because the section then permitted the removal at pleasure.

By chapter 476 of the Laws of 1921 the section was again amended and for the first time omitted the provision for removal at pleasure.

The argument of the defendants, however, is that petitioner is not the holder of a subordinate position, but is an independent public officer, and the case of *Matter of Christey* v. *Cochrane* (211 N. Y. 333) is cited as controlling authority. The office there in question was that of auditor of the city of Buffalo, an independent officer charged with the performance of specified public duties, irrespective of any other officer. An examination of that case discloses no practical similarity to the position of appraiser here, except that as to each the statute conferred the power to subpœna witnesses, compel their attendance, administer oaths and take testimony.

Section 22 of the Civil Service Law, in part, declares that " No person holding a position by appointment or employment  *  *  * in the several  *  *  *  counties  *  *  *  who is an honorably discharged soldier, sailor or marine  *  *  *  shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges."

The term " position " as employed in the statute may include officers or be limited to cases of employees. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.)

But in either case the section applies only to subordinate positions and not to public officers vested with discretion in the performance of their duties, subject to no direction, but on the contrary empowered to appoint clerks and other subordinates and fix their compensation. (*Matter of Christey* v. *Cochrane, supra; People ex rel. Jacobus* v. *Van Wyck, supra.*)

Section 229 of the Tax Law does not classify the position of appraiser as an office, but provides for the appointment of " an appraiser, and such stenographer and other *employees,*" as may be needed.

The duties of the appraiser are set forth in section 249-v, and were formerly prescribed by section 230, of the Tax Law; those duties require him to make an appraisal of decedents' estates for the purpose of determining whether such estates are subject to the payment of a transfer tax.

It appears that as tax attorney he appeared as the representative of the Tax Commission at the opening of safety deposit boxes of decedents dying residents of said county, and performed other similar duties. As above pointed out, however, the statute does not specifically name any such officer as attorney nor specifically provide for the performance of these duties by such an attorney. Those duties are the duties cast upon the Tax Commission by section 249-t of the Tax Law, and the attorney acts in its behalf. While petitioner is an attorney at law it is not claimed that his employment was in the nature of a retainer as an attorney at law; his duties were in the nature of those of an attorney in fact.

On behalf of the defendants it is insisted that as an appraiser petitioner acted in a quasi-judicial capacity and was required to pass as a judge upon all matters coming before him. The duties of an appraiser, however, in making an appraisal are the same as performed by the surrogate pursuant to section 249-w of the Tax Law, where the surrogate himself acts as an appraiser, and even when the surrogate makes his assessment he is a mere taxing officer and not acting judicially. (*Matter of Costello*, 189 N. Y. 290; *Matter of Wolfe*, 137 id. 205.)

Furthermore, by said section 249-v, the appraiser does not act upon his own motion, but by order of the surrogate.

Without making further detailed reference to the statute governing the position of appraiser it may be said that nothing appears therein giving the position any other character than that of an employee whose duties are to make an investigation, compilation and tabulation as to the items of property comprising a decedent's estate. He is not an independent officer, but is an appointee representing the Tax Commission and performing in its behalf certain of the duties imposed by the statute upon it.

Under the circumstances petitioner was entitled to the protection of the provisions of section 22 of the Civil Service Law granting the right to a hearing upon charges before removal.

The order should, therefore, be reversed upon the law, with costs, and the application for a peremptory mandamus order granted, with fifty dollars costs and disbursements to petitioner.

HILL, P. J., and HEFFERNAN, J., concur; CRAPSER and BLISS, JJ., dissent, with a memorandum.

CRAPSER and BLISS, JJ. (dissenting memorandum). It is conceded in the majority opinion that section 22 of the Civil Service Law relating to the removal of veterans and volunteer firemen from positions in the State applies only to subordinate positions and not to public officers vested with discretion in the performance of their duties. This is in accordance with the construction placed upon this section by the Court of Appeals over a period of years and followed since the statute, including its title, has been in its present form. (See *Matter of Christey* v. *Cochrane*, 211 N. Y. 333.) It is urged by the appellant that the test of the earlier cases which made a distinction between independent officers and subordinate positions in the application of section 22 has been abandoned in recent decisions of the Court of Appeals. There has been no such declaration by our court of last resort and in the absence of a definite pronouncement to that effect we are not at liberty to run contra to the statutory interpretation followed for many years.

Our question then resolves itself into a determination as to whether the transfer tax appraiser for Dutchess county, appointed under sections 229 and 249-u of the Tax Law, holds a subordinate position or is a public officer vested with discretion in the performance of his duties. It is significant that section 229 of the Tax Law directs the appointment of " an appraiser, and such stenographers and other employees as may be needed," thus clearly indicating that the appraiser is not in the category of an employee. It is likewise significant that a deputy transfer tax appraiser for Dutchess county appointed pursuant to section 249-u of the Tax Law is subject to the provisions of section 9 of the Public Officers Law, thus indicating that the appraiser himself, who holds an office superior to his deputy, is also subject to the provisions of the Public Officers Law.

A transfer tax appraiser acts in a quasi-judicial capacity. He must determine issues of law, of fact and mixed questions of both law and fact. In counties having no salaried appraiser a county treasurer who is named transfer tax appraiser takes an oath to faithfully and fairly discharge the duties of the office. The appraiser must give notice of his hearings, receive and rule upon evidence, determine the issues, both of fact and law, and then make a report to the surrogate. These duties require the exercise of independent judgment and are akin to a judicial determination. They are not merely ministerial. Upon the incoming of the appraiser's report the surrogate must, in the first instance, approve it as of course and assess and fix the tax in accordance with the appraiser's report. The surrogate as taxing officer acts ministerially. Thereafter only an appeal will lie to the surrogate.

That the appraiser is also appointed attorney in fact for the State Tax Commission in relation to the opening of safe deposit boxes does not affect the manner of his duties as appraiser. It is urged in the majority opinion that when the surrogate assesses the tax under section 249-w of the Tax Law he is a mere taxing officer and not acting judicially and that the duties of the appraiser in making his appraisal are the same. Such, however, is not the fact. In assessing and fixing the tax, the surrogate computes the tax, basing his computation upon the report of the appraiser which shows the amount of taxable property passing upon the death of a decedent. It is a matter of mere computation in so far as the surrogate is concerned and he does act ministerially. It is the appraiser who has received and weighed the evidence and determined the issues, and in their performance he has been subject to no direction except the usual rules of law governing a judicial determination.

It is apparent, therefore, that if we are to apply the test approved by the majority to the question at issue here, we must hold that the transfer tax appraiser for Dutchess county does not hold a subordinate position, but rather that he is vested with discretion in the performance of his duties and subject to no direction and, therefore, he is not included within the intent of section 22 of the Civil Service Law.

The order should be affirmed.

Order reversed on the law, with costs, and application for a peremptory mandamus order granted, with fifty dollars costs and disbursements to the petitioner.