(No. 32241.—

THE FIRST NATIONAL BANK OF CHICAGO *et al.*, Exrs., Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 20, 1952.*

ROSENTHAL, KING & ROBIN, of Chicago, (WILLARD L. KING, and GEORGE W. GALE, of counsel,) for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, and JOHN T. COBURN, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court.

This is an appeal from a judgment of the county court of Cook County, affirming an order of the county judge, which fixed the inheritance tax due upon a legacy to Jane Myres, the widow of a stepson of the decedent, Lessing Rosenthal. The legacy was taxed as a legacy to a stranger. The executors appeal, contending that it should have been taxed as a legacy to the widow of a son.

The facts are stipulated: Magnus Myres, the stepson of Lessing Rosenthal, was born May 20, 1890. His own

father died in August, 1892. On December 10, 1901, when he was eleven years old, his mother married Lessing Rosenthal. The decedent took Magnus Myres into his household and fed, clothed and educated him. He reared him as his own son. Although he was never legally adopted by the decedent, Magnus Myres called him "father" and the decedent referred to Magnus as his "son." He lived with the decedent until October 31, 1940, when he was married to Jane Mullaley. He died September 11, 1948, leaving her as his widow. He was buried in Lessing Rosenthal's cemetery lot. Jane Myres, the widow of Magnus Myres, was given an annuity of $4000 a year by the last will and testament of Lessing Rosenthal, who died December 20, 1949.

Lessing Rosenthal thus stood in "the acknowledged relation of a parent" to Magnus Myres, under section 1 of the Inheritance Tax Act. (Ill. Rev. Stat. 1949, chap. 120, par. 375.) That section enumerates certain persons who, because of the closeness of their relation to the decedent, are to be taxed on their legacies at the lowest rate. To the extent relevant here, the statutory enumeration is as follows: "When the beneficial interests to any property or income therefrom shall pass to or for the use of any father, mother, lineal ancestor of decedent, husband, wife, child, brother or sister, wife or widow of the son, or the husband or widower of the daughter, or to any descendant of the decedent, or any child legally adopted by the decedent, any child legally adopted by any descendant of the decedent, any descendant of any child legally adopted by the decedent, any child legally adopted by any child legally adopted by the decedent, or to any adopting parent of the decedent, or to any person to whom the deceased, for not less than ten years prior to death, stood in the acknowledged relation of a parent: Provided, however, such relationship began at or before said person's fifteenth birthday and was continuous for said ten years thereafter: And, provided, also that one

of the parents of such person so standing in such relation shall have been deceased when such relationship commenced, * * *." Ill. Rev. Stat. 1949, chap. 120, par. 375.

The statute includes within the favored category the surviving spouses of the children of a decedent. It does not include the widow or widower of an adopted child or an acknowledged child. The executors contend, however, that it was the object, spirit and intention of the statute to put the child, the legally adopted child, and the acknowledged child all upon the same basis, and that a situation within the spirit of the statute is to be regarded as within the statute although not within its letter. (*People* v. *Moczek,* 407 Ill. 373, 382.) And they urge that because the Inheritance Tax Act imposes a special tax, it is to be construed, in cases of doubt, strictly against the State and in favor of the taxpayer, citing *People* v. *Snyder,* 353 Ill. 184.

The *Moczek case* involved an illegitimate child who was unable to establish the identity of her father. Her mother was alive, but insane. She could not therefore comply literally with the statutory requirement that one who claims to fall within the statute as an acknowledged child must show that one parent was dead at the time the relation commenced. Construing the statute as applied to that situation, we said: "In most cases, where an illegitimate child seeks the benefits of the statute, proof that a named father existed and is deceased is impossible. To hold that the mother must be deceased would mean that, in relatively few, if any, cases could an illegimate child qualify as a person described in the statute. We are not warranted, under the guise of statutory construction, of imputing to the General Assembly an intent to confer merely a still-born right to persons falling within the same class as Frances Moczek." And pointing out that for the purpose of qualifying as an acknowledged child under section 1 of the Inheritance Tax Act there was no distinction between the nonexistence and the death of a parent, we held

that "* * * where, as here, the father of an illegitimate child is and always has been unknown, he was deceased, within the contemplation of the statute, when the relationship commenced."

In the *Snyder case,* the testator devised a portion of his estate to the widower of his daughter. The statute did not then expressly include the widower of a daughter, but mentioned "the wife or widow of the son or the husband of the daughter," of the testator. It was held that the term "husband of the daughter" included the widower of a deceased daughter even though the word "husband," as commonly defined, means a man having a wife and does not include a widower. The court pointed out that the word "husband" is often used, both in this statute and in others, as including "widower" or "surviving husband."

In our opinion neither the *Moczek* nor the *Snyder case* warrants the construction of the statute which the executors here seek. In the *Moczek case,* a construction other than that adopted by the court would have greatly narrowed, if it did not wholly eliminate, a category of persons whom the General Assembly had intended to benefit. And in the *Snyder case* a contrary holding would have imputed to the General Assembly an intention to establish one rule for the taxation of legacies to the surviving spouse of a son and another rule to govern legacies to the surviving spouse of a daughter. The contention here is far more sweeping than is warranted by those interpretations. It seeks the addition of a class of beneficiaries which the General Assembly did not include.

We are concerned with three of the many classes of persons included in section 1: children, adopted children and acknowledged children. The spouses of children are expressly included; those of adopted and acknowledged children are not. The executors urge us to read into the statute the surviving spouses of acknowledged children. To narrow the step which we are asked to take, they argue

that the statute must be construed as already including spouses of adopted children. That argument is based upon the familiar rule that when a statute is adopted from another State, it carries with it the judicial construction previously placed upon it by the courts of that State. (*People* v. *Linn,* 357 Ill. 220; *People* v. *Griffith,* 245 Ill. 532.) Our statute was adopted from the Transfer Tax Act of the State of New York. Prior to its adoption in this State, the intermediate court of review of New York construed the corresponding provision of its statute to mean that the words "widow of a son" included the widow of an adopted son. (*In re Duryea's Estate,* 112 N.Y.S. 611.) The decision of the New York court was based, in part, upon the phraseology of the New York Adoption Act then in force which added to the legal rights of an adopted child that of inheritance, "And the heir and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting." But full acceptance of the construction adopted by the New York court falls short of sustaining the executors' contention. Because the widow of an adopted son is treated by the statute like the widow of a son, it does not follow that the widow of an acknowledged son must also be so treated. The law recognizes many distinctions between the relationship of legal adoption and an acknowledged relationship. For example, an adopted child in this State is an heir-at-law of the adopting parents. (Ill. Rev. Stat. 1951, chap. 3, par. 165.) An acknowledged child is not given like status. And in the very section here involved, another distinction is drawn between children and adopted children on the one hand, and acknowledged children on the other. The adopted child of a child, or of an adopted child, is expressly included in the statute. The adopted child of an acknowledged child is not included.

The equities in favor of a construction which treats acknowledged children like children are pressed upon us.

But unless the court is to rewrite the legislature's classification, the claimed construction cannot be allowed. The issue is not whether the legislative categories are those which we would have established initially, but whether there is doubt as to what the legislature intended. We find no such doubt.

The judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*