(No. 47364.—

*In re* ESTATE OF ZULENA M. BARKER, Deceased.—
(The People of the State of Illinois, Appellant, v.
Ernestine G. Barker, Ex'r, Appellee.)

*Opinion filed March 29, 1976.*

CREBS, J., took no part.
UNDERWOOD, J., dissenting.

William J. Scott, Attorney General, of Springfield (Samuel W. Witwer, Murray F. Milne, and Joseph O. Rubinelli, of Rubinelli & Rubinelli, Special Assistant Attorneys General, and Thomas J. Downs and Warren K. Smoot, Assistant Attorneys General, of counsel), for the People.

Gardner, Carton & Douglas, of Chicago, and Markowitz, Lawrence, Lenz, Jennings & Naylor, of Bloomington (Joseph P. Carr, James J. McClure, Jr., and Elliot M. Schnitzer, of Chicago, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

We granted the People's petition for leave to appeal from a judgment of the appellate court (24 Ill. App. 3d 959) holding certain provisions of the Illinois inheritance tax act (Ill. Rev. Stat. 1973, ch. 120, par. 385) to be unconstitutional. The issues presented were first raised by the appellate court in the course of oral argument.

The issues relate to section 11 of the Illinois inheritance tax act, which provides:

"It shall be the duty of the circuit judge designated and assigned for that purpose by the Chief Judge of the judicial circuit to ascertain whether any transfer of any property be subject to an inheritance tax under the

provisions of this Act, and if it be subject to such inheritance tax, to assess and fix the then cash value of all estates, annuities and life estates or terms of years growing out of said estates and the tax to which the same is liable. ***

* * *

Any person or persons including the Attorney General, dissatisfied with the appraisement or assessment, or the allowance of fees and expenses to the appraiser, or other costs taxed; [sic] may appeal therefrom to the circuit court of the proper county within 60 days after the making and filing of such assessment order ***." Ill. Rev. Stat. 1973, ch. 120, par. 385.

The circumstances of the case which gave rise to this appeal are set out in the appellate court opinion, and only the facts necessary to reach a decision here will be restated.

On July 9, 1971, a judge of the circuit court of McLean County entered an order assessing certain United States Treasury bonds that were part of a decedent's estate at their fair market value rather than at par value as the Attorney General had urged. On August 6, 1971, the People appealed to the circuit court of McLean County pursuant to the provisions of section 11, and on March 13, 1972, the order of July 9 was affirmed by the same judge who entered the order. A notice of appeal to this court was filed, but the appeal later was transferred to the appellate court under our Rule 365(b). Ill. Rev. Stat. 1973, ch. 110A, par. 365(b).

During oral argument the appellate court panel itself raised questions regarding the constitutionality of provisions set out in section 11. The court concluded that the provision which imposes on the circuit court judge the duty to ascertain and assess inheritance taxes on an estate violated the separation of powers provision of our constitution (Ill. Const. 1970, art. II, sec. 1) by attempting to impose an administrative function on the circuit judge. The court further held that the statute's providing for an appeal to the circuit court within 60 days constituted an

unconstitutional encroachment upon this court's rule-making authority over appeals (Ill. Const. 1970, art. VI, sec. 16), and was violative of section 6 of article VI of our constitution, providing for appeals of final judgments of the circuit court to the appellate court (Ill. Const. 1970, art. VI, sec. 6). Saying that the assessment order was a final judgment of the circuit court, the appellate court dismissed the appeal for want of jurisdiction since the Attorney General had not filed his appeal within 30 days of the judgment as prescribed by Supreme Court Rule 303 (Ill. Rev. Stat. 1973, ch. 110A, par. 303).

Section 1 of article II of our constitution provides:

> "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, sec. 1.

The appellate court correctly observed that the assessment of taxes is in its nature a nonjudicial function. One with the responsibility of assessing taxes is executing revenue laws enacted by the legislature, and this traditionally is a function of the executive branch of government. However, section 4(d) of the Transition Schedule of our constitution of 1970 provides:

> "Section 4. JUDICIAL OFFICES
> * * *
> (d) Until otherwise provided by law *** the Circuit Courts shall continue to exercise the non-judicial functions vested by law as of December 31, 1963, in county courts or the judges thereof." Ill. Const. 1970, Transition Schedule, sec. 4(d).

Until January 1, 1964, jurisdiction to assess inheritance taxes was placed by statute in the county judge. (Ill. Rev. Stat. 1963, ch. 120, par. 385.) The General Assembly's designation of the county judge to assess the tax was consistent with our constitution of 1870, which was then in effect. Section 18 of article VI of that constitution provided:

> "*** County courts shall be courts of record, and shall have original jurisdiction in all matters of probate,

\*\*\* and such other jurisdiction as may be provided for by general law." Ill. Const. 1870, art. VI, sec. 18.

This section had been construed as an affirmative grant of authority to the General Assembly to impose nonjudicial functions upon county judges, subject only to the requirement that it be granted by general law. (*Department of Public Welfare v. Haas,* 15 Ill.2d 204, 211-12.) Section 18 was held not to violate the separation of powers clause of the 1870 Constitution (Ill. Const. 1870, art. III): "When the final clause of article III which requires separation of powers 'except as hereinafter expressly directed or permitted,' is read together with section 18 of article VI, it is apparent that the legislature may confer upon county courts jurisdiction of matters which are not strictly judicial in character." *Board of Education v. Nickell,* 410 Ill. 98, 105.

Section 11 of the inheritance tax act was amended, effective January 1, 1964, to impose the duty to assess inheritance taxes upon the circuit judge rather than the county judge. (Ill. Rev. Stat. 1963, ch. 120, par. 385.) This amendment was designed to conform section 11 to the provisions of the 1962 amendment to the judicial article of the Constitution of 1870, which had abolished county courts and judges and transferred their judicial and nonjudicial functions to the circuit courts and judges. Ill. Const. 1870, art. VI, Schedule, par. 5(a).

The proceedings of the constitutional convention, as well as the language of the section, indicate that section 4(d) of the Transition Schedule of the Constitution of 1970 was intended to authorize circuit judges to continue to exercise those nonjudicial functions theretofore vested in county judges. (5 Record of Proceedings, Sixth Illinois Constitutional Convention 4626 (hereafter cited as Proceedings).) In fact, by adopting section 4(d), the convention rejected a proposal that had been made that all nonjudicial functions then being exercised by the circuit courts be reassigned by the General Assembly no later than

January 1, 1972. 7 Proceedings 2848; 2 Proceedings 156.

We consider, contrary to the appellate court's holding, in light of this history, that section 11 does not violate the separation of powers provision of our constitution. The separation of powers doctrine does not contemplate the division of powers of government into rigidly separated compartments. This court has held that the doctrine was not designed to achieve a complete divorce among the three branches of government. (*People v. Reiner,* 6 Ill.2d 337, 342.) The true meaning, in theory and in practice, of the docrine is that the whole power of two or more of the branches of government shall not be lodged in the same hands. *City of Waukegan v. Pollution Control Board,* 57 Ill.2d 170, 174; *Hill v. Relyea,* 34 Ill.2d 552, 557; *Field v. People ex rel. McClernand,* 3 Ill. (2 Scam.) 79, 83.

We judge section 1 of article II of the Constitution not to be inconsistent with section 4(d) of the Transition Schedule. Section 4(d) is constitutional authority for circuit judges to assess inheritance taxes under section 11, and the judgment of the appellate court is reversed on this question.

As has been stated, the appellate court held the provision for appeals from an assessment order within 60 days to the circuit court under section 11 to be unconstitutional.

It does not appear that there is a decision reported in Illinois on the question whether the first assessment order entered by a judge under section 11 is to be considered a final judgment and therefore appealable. There have been indications that it is not. For example, in *Oakman v. Small,* 282 Ill. 360, 364, it was observed: "*** a proceeding to fix a tax is not a suit or controversy between parties." See also *People v. Mills,* 247 Ill. 620, 621, 1916 Op. Att'y Gen. 471.

We have no hesitation in saying that these suggestions are well founded. As we have stated earlier in this opinion, the assessment of taxes is in its nature an administrative or

executive function and not a judicial one. No one could reasonably argue that a county assessor in fixing the value of real estate was acting as a judicial officer.

The inheritance tax statute is based on the New York statute, and this court has followed constructions of that statute by courts of New York. (*First National Bank of Chicago v. People*, 412 Ill. 29, 33; *Jones v. Pepler*, 371 Ill. 309, 314; *People v. Kellogg* 268 Ill. 489, 500; *People v. Griffith*, 245 Ill. 532, 539.) The procedures under section 11 are substantially the same as those under the inheritance laws of New York. (See N.Y. Tax Law secs. 249v-249x (McKinney 1966).) In New York the holdings have been that when the surrogate enters an assessment order he is acting only as an administrative officer and is not acting judicially. (*In re Estate of Costello* (1907), 189 N.Y. 288, 291, 82 N.E. 139; *Mylod v. Graves* (1937), 249 App. Div. 455, 458, 293 N.Y.S. 430, *rev'd on other grounds* (1937), 274 N.Y. 381, 9 N.E.2d 18; *In re Estate of Snell* (1962), 17 App. Div. 2d 490, 492, 235 N.Y.S.2d 855.) These holdings are persuasive, and it is our conclusion, too, that an assessment order must be considered to be an administrative order and not a final judgment.

We would add that the term "appeal" as used in section 11 is not used in the same sense as it is used in article VI of the Constitution and Rule 303. Rather it is used in section 11 in the sense of a judicial review of administrative action. (See *Investors Syndicate of America, Inc. v. Hughes*, 378 Ill. 413, 418; *People's Gas Light and Coke Co. v. City of Chicago*, 309 Ill. 40, 41-42.) However, that there should be a review of an order of the "circuit judge" by the "circuit court" is an anomaly which often results, as was the case here, in a judge incongruously reviewing the correctness of his own order. We consider the legislature should provide for the assessment to be made by an administrative body or person and for a right of review in the circuit court.

The first assessment order of the circuit judge was but

an administrative order. The appellate court erred in dismissing the People's appeal on the ground that it had not been filed within 30 days from the date of that administrative order. The People did file a notice of appeal within 30 days of the circuit court judgment which reviewed and confirmed the assessment order.

The appellate court in a *dictum* commented that the circuit court's assessment of the Treasury bonds at their fair market value had been correct. The court's observation was correct, as we have recently held. See *In re Estate of Voss*, 55 Ill.2d 313.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court of McLean County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.

MR. JUSTICE UNDERWOOD, dissenting:

I agree that there is no constitutional prohibition against courts determining the inheritance tax due the State of Illinois. That determination is made after notice to all interested parties as provided by section 11 of the inheritance tax act (Ill. Rev. Stat. 1973, ch. 120, par. 385) and an opportunity to present evidence as to the facts and argument as to the law. The order which the circuit judge then enters fixing the amount of the tax is, however, in my judgment a final, appealable order, and the appellate court was correct in so holding. It was also correct, in my judgment, in holding unconstitutional the provisions of section 11 for appeal from that order within 60 days.

Section 16 of article VI of our 1970 Constitution provides:

"Section 16. ADMINISTRATION
*** The Supreme Court shall provide by rule for

expeditious and inexpensive appeals." (Ill. Const. 1970, art. VI, sec. 16.)

This court has promulgated Rule 303, which provides that a notice of appeal from final judgments of the circuit court must be filed with the clerk of that court within 30 days after entry of the judgment. (Ill. Rev. Stat. 1973, ch. 110A, par. 303.) The State's argument that the circuit judge's assessment order is not a final judgment, but rather an administrative assessment or order not subject to Rule 303 is, in my judgment, simply not supportable.

This court has described a judgment as "the official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." (*People ex rel. Schwartz v. Fagerholm* (1959), 17 Ill.2d 131, 134.) Under section 11, the circuit judge may hold an evidentiary hearing and has subpoena power to summon witnesses and documents. The opposing parties submit the question of the taxes due from the estate to the court for a judicial determination. The Court's determination must be considered a judgment. That was the conclusion in *People v. Jennings* (1933), 353 Ill. 432, which involved a proceeding under section 11. This court said: "*** that where the county judge has assessed the tax and no appeal is taken from his order, as provided by section 11, his decision is final and conclusive ***." 353 Ill. at 437.

However, though that order, in my opinion, is final and appealable, the section's provision for appeal of it within 60 days to the circuit court is clearly unconstitutional. Section 6 of article VI of the 1970 Constitution states: "Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court ***." The same language appeared in the 1964 amendment to the Constitution of 1870. (Ill. Const. 1870, art. VI, sec. 7.) The provision in section 11 for an appeal to the circuit court of a circuit court judgment is inconsistent with the Constitution and of course invalid.

The statutory provisions establishing this fictional appeal have existed since 1909 (S.H.A., ch. 120, par. 385), and originally required appeal from the "County Judge" to the "County Court"; they now provide an appeal from the circuit judge to the circuit court. Presumably, the appeal will be heard by the same judge who determined the tax initially, for to permit review by a different circuit judge would be contrary to our holding in *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill.2d 229.

The majority opinion, by characterizing the original order as an "administrative order" perpetuates an anachronistic statutory provision for appeal which never has, and does not now, serve any purpose other than to inhibit the efficient functioning of the courts and expose the judicial system to ridicule. It is totally incompatible with our streamlined judicial system, wasteful of the time of litigants, judges and lawyers, and, in my judgment, clearly unconstitutional.

I would dismiss the appeal because not taken within 30 days of the circuit judge's original order fixing the tax. And, I might add, if this holding be thought unfair as to pending appeals not taken within the 30-day period, the answer lies in making the holding prospective in its application. *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill.2d 350.