*In re* ESTATE OF MARY ENOS, Deceased.—(BAILEY M. SMITH, Plaintiff-Appellant, *v.* I. H. STREEPER, Ex'r of the Estate of Mary Enos, Defendant-Appellee.)

Fifth District   No. 77-394

Opinion filed March 2, 1979.

Bailey M. Smith, of Oklahoma City, Oklahoma, for appellant, *pro se.*

J. Lawrence Keshner, of Alton, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Bailey M. Smith, a legatee under the will of Mary Enos, appeals from two orders of the circuit court of Madison County concerning the administration of the Enos estate. His appeal essentially presents two issues: whether the circuit court erred in assessing inheritance tax on the estate without conducting a hearing and providing notice to appellant that it had entered an assessment order; and whether the fees awarded to executor, I. H. Streeper III, and his counsel, J. Lawrence Keshner, were excessive.

With respect to the inheritance tax issue, the executor, citing *In re Estate of Barker* (1976), 63 Ill. 2d 113, 345 N.E.2d 484, has filed a motion to dismiss this appeal for lack of jurisdiction, asserting that the circuit court's tax assessment order is not a final, appealable order. This motion has been taken with the case.

In *Barker*, our supreme court found that section 11 of the Illinois inheritance tax act (Ill. Rev. Stat. 1973, ch. 120, par. 385), which directs circuit judges to assess the inheritance tax due on estates, does not violate the separation-of-powers provision of the Illinois Constitution of 1970 even though making an assessment of taxes is a nonjudicial function. The court further found that the provision of section 11 which requires any person dissatisfied with an assessment to appeal to the circuit court within 60 days of the filing of the assessment order does not violate section 6 of article VI of our constitution, providing for appeals of final judgments of the circuit court to the appellate court (Ill. Const. 1970, art. VI, §6). The court reasoned that an assessment order, being nonjudicial in nature, must be considered to be an administrative order and not a final judgment, and that the term "appeal" in section 11 of the Act is used in the sense of a judicial review of an administrative action and not as in article VI of the constitution and Supreme Court Rule 303 (Ill. Rev. Stat. 1973, ch. 110A, par. 303).

In the instant case the circuit court filed the order assessing inheritance tax on July 13, 1977. Also on July 13, the clerk of the circuit court mailed notice of this filing to interested parties as required by the statute, but for some reason failed to send one to Mr. Smith. Mr. Smith, however, received a copy of the notice sent to his sister, Thelma Wyckoff,

sometime after July 13. That notice paraphrased in the following language the provision of section 11 which deals with appealing the assessment order:

> "Any person dissatisfied with the appraisement or assessment may appeal therefrom to the Circuit Court of said County within sixty days after the filing of said order * * *."

Appellant Smith, however, did not prosecute an "appeal" to the circuit court of Madison County but rather filed a notice of appeal to this court on August 15, 1977.

■■ Smith's failure to follow the statutory procedure to obtain a review of the assessment order in the circuit court deprives this court of jurisdiction to review the order. As the supreme court decided in *Barker*, an initial assessment order such as we have before us is not a final judgment but merely an administrative order. It is therefore not appealable to this court. We cannot reach a section 11 tax assessment order until after the circuit court has reviewed the administrative action of the circuit judge who made the initial assessment. Since this was not done, we must grant the executor's motion to dismiss the portion of this appeal which is directed at the assessment order.

■■ We would note, however, that there is no merit to appellant Smith's contention that the circuit court erred in assessing the tax owed without first conducting a hearing. The record shows that none of the legatees filed exceptions or objections to any items of the inheritance tax return as required by section 11 of the act (Ill. Rev. Stat. 1977, ch. 120, par. 385). Under such circumstances, no hearing is required since the statute directs the judge to assess and fix the taxes as shown by the inheritance tax return. Ill. Rev. Stat. 1977, ch. 120, par. 385.

The only issue left is whether the fees awarded to the executor and his counsel are excessive.

On May 11, 1977, the executor and his attorney filed petitions to fix their fees. The attorney sought $18,755 and the executor sought $10,880. Appellant actually filed objections to these fees prior to the filing of the petitions, apparently on the basis of estimated fees of $20,000 apiece contained in the inheritance tax return. After conducting a hearing on fees, the circuit court entered an order on June 8, 1977, awarding attorney Keshner $16,050 and executor Streeper $10,880.

■ The sections of the Illinois Probate Act of 1975 under which these fees were awarded provide that the personal representative and his attorney are entitled to "reasonable compensation for [their] services." (Ill. Rev. Stat. 1977, ch. 110½, pars. 27—1 and 27—2.) And although the circuit court has broad discretion in determining the "reasonable compensation" to be allowed to these individuals (*In re Estate of Bonnett* (1977), 52 Ill. App. 3d 393, 367 N.E.2d 524), its award will be altered where the determination of

the trial court is a plain case of wrongful exercise of judgment (*In re Estate of McCalmont* (1958), 16 Ill. App. 2d 246, 148 N.E.2d 23; *In re Estate of Bonnett*). After examining this record, we find that just such a wrongful exercise of judgment was made. The fees awarded are extremely excessive.

The reasonableness of the fees of the representative and his counsel depends on the facts and circumstances of each case. (*In re Estate of Luther* (1972), 3 Ill. App. 3d 357, 277 N.E.2d 735; *McCabe v. Dickerson* (1968), 91 Ill. App. 2d 262, 233 N.E.2d 768.) Many of the factors which have been considered relevant by reviewing courts in determining whether a fee was reasonable or excessive have been collected in the Illinois Code of Professional Responsibility at Disciplinary Rule 2—107, section B. Although this section is directed towards attorneys fees, it provides relevant guidelines for judging the fee of a personal representative as well, especially where, as here, the representative is also an attorney. The portion of that rule which is dispositive of the issue of the excessiveness of the fees here reads as follows:

> "(B) A fee is excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
>> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly." Illinois Code of Professional Responsibility, DR2-107(B)(1), adopted by the Illinois State Bar Association on May 1, 1970 (1977).

The record reflects that this estate had a gross value of $272,565. Except for approximately $5,000 worth of chattel property, the estate consisted entirely of liquid assets held by a bank in a living trust. Thus, marshalling the assets for inventory was a relatively simple task. The record further shows that there were no unusual problems presented other than that created by the reasonable objection of the heirs to the proposed fees. Although attorney Keshner testified that there were "most unusual appraisals" involved we find the record barren of any uniqueness in that regard. For instance, the stocks in the estate were listed on the New York Stock Exchange.

Attorney Keshner testified that he spent 201.75 hours on the estate, 105 of which were for "extraordinary services." We fail to see what is extraordinary about any of the attorney's services rendered to this estate. (*E.g.*, preparing tax returns and obtaining apprisals of the personalty items.) Further, we find that 202 hours is an unreasonable amount of time to devote to an estate that is as simple and liquid as this one and far in

excess of what should have been reasonably required. The petition for allowance of attorneys fees did not contain an itemized statement of the number of hours devoted to particular items of services rendered. Rather, it merely listed in summary fashion the several kinds of services rendered and assigned a total number of hours which were devoted. Similarly, the tasks presented by the estate to the executor were few and simple. It does not appear that the executor performed any particular services at all to the estate. His duties were perfunctory and titular. Under the circumstances, the fees allowed were excessive.

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County by reducing the fee of the personal representative to $2,500 and the fee of his attorney to $6,500. This cause is remanded for further proceedings consistent with this opinion.

Judgment modified and remanded.

KARNS and KUNCE, JJ., concur.