In re ESTATE OF HARRY ROGERS GEORGE, Deceased.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BILLY LEE CLOS-TERMERY, Ex'r of the Estate of Harry Rogers George, Defendant-Appellee.)

Fourth District   No. 15639

Opinion filed April 25, 1980.

William J. Scott, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for the People.

Alfred M. Wooleyhan, of Quincy, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The Attorney General appeals from an order of the circuit court assessing an inheritance tax. Upon consideration of *In re Estate of Barker* (1976), 63 Ill. 2d 113, 345 N.E.2d 484, and *In re Estate of Enos* (1979), 69 Ill. App. 3d 129, 386 N.E.2d 1147, we dismiss the appeal for want of a final appealable order.

Section 11 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1977, ch. 120, par. 385) provides that:

> "It shall be the duty of the circuit judge designated and assigned for the purpose by the Chief Judge of the judicial circuit to ascertain whether any transfer of any property be subject to an inheritance tax under this Act, and if it be subject to such inheritance tax, to assess and fix * * *.
>
> ✽ ✽ ✽
>
> Any person or persons including the Attorney General, dissatisfied with the appraisement or assessment, * * *; may appeal therefrom to the circuit court of the proper county within 60 days after the making and filing of such assessment order ✽ ✽ ✽."

In *Barker*, the supreme court determined that the acts of the circuit judge so assigned to perform the statutory duties incident to assessing the tax were an administrative function rather than a judicial function, and that the order assessing the tax as provided in the statute was not a final judgment of the circuit court for purposes of appeal within the meaning of article VI, section 6, of the Constitution of 1970 and Supreme Court Rule 303 (73 Ill. 2d R. 303). In that opinion it is further stated:

> "We would add that the term 'appeal' as used in section 11 is not used in the same sense as it is used in article VI of the Constitution and Rule 303. Rather it is used in section 11 in the sense of a judicial review of administrative action. [Citations.]" 63 Ill. 2d 113, 120, 345 N.E.2d 484, 488.

In *Enos*, a beneficiary undertook to appeal to the appellate court an order in the circuit court which assessed an inheritance tax. The issue of lack of jurisdiction in the appellate court for want of a final appealable order was raised by motion. Upon the authority of *Barker*, the appellate court determined that the order which assesses an inheritance tax is not a final judgment within the meaning of article VI, section 6 of the Illinois Constitution of 1970, and Supreme Court Rule 303, and that the failure to appeal the order assessing the inheritance tax to the circuit court as provided in section 11 deprives the appellate court of jurisdiction to review the order of assessment.

This record fails to disclose any appeal to the circuit court from the order assessing tax within the terms of section 11 of the Act. At a hearing on October 5, 1978, the circuit judge overruled certain objections filed by the Attorney General, and on October 24 entered an order assessing the tax. On December 26, 1978, the Attorney General filed a "Petition for Rehearing" which stated that the Attorney General "moves the Honorable Judge Burrows for a rehearing on this decision to overrule the objections * * *" and prayed the granting of rehearing. Subsequently, leave to file an amended petition for rehearing was prayed and granted and such amended petition was filed. In the latter document it was stated that the Attorney General "prays for rehearing on its objections * * *." Thereafter, on May 10, 1979, the written order entered was "Amended petition for rehearing re Inh. Taxes be and the same is hereby denied."

One finds no procedural step to exercise the statutory right of appeal as provided in section 11 of the Inheritance and Transfer Tax Law. (Ill. Rev. Stat. 1977, ch. 120, par. 385.) Upon judicial review of the administrative order assessing taxes, the order of the circuit court would be·one which confirmed or reversed the assessment of tax. *In re Estate of Barker* (1976), 63 Ill. 2d 113, 121, 345 N.E.2d 484, 489.

Upon the authority of *Barker* and *Enos*, the order denying the amended petition for rehearing is not a final order for purposes of appeal to this court. The appeal is dismissed.

Appeal dismissed.

CRAVEN and WEBBER, JJ., concur.