THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD EDWARD LEWIS, Defendant-Appellant.

Fourth District    No. 16774

Opinion filed July 14, 1981.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant, Donald Edward Lewis, appeals an order of the circuit court of Champaign County, entered October 28, 1980, transferring him from the Department of Corrections juvenile division to its adult division. The order was entered pursuant to sections 3—10—7(a) and 5—8—6(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, pars. 1003—10—7(a), 1005—8—6(c)), which provide for such transfer of inmates when they reach their 17th birthday. Defendant asserts the court erred (1) in denying his request for a continuance of the hearing at which the order was entered, and (2) in ordering the transfer upon the evidence presented.

We consider first whether the order was appealable, thus giving us jurisdiction. Section 3—10—7(a) of the Code states:

"(a) In any case where a juvenile was originally committed to the Juvenile Division under Section 5—8—6, the Department of Corrections shall, within 30 days of the date that the juvenile reaches the age of 17, send formal notification to the sentencing court and the State's Attorney of the county from which the juvenile was sentenced indicating the day upon which the juvenile offender will achieve the age of 17. Within 90 days of receipt of that notice, the sentencing court shall conduct a hearing to determine whether or not the juvenile shall continue to remain under the auspices of the Juvenile Division or be transferred to the Adult Division of the Department of Corrections."

Section 5—8—6(c) provides that offenders under 17 years of age, convicted of a crime and sentenced to imprisonment with the Department of Corrections, shall be committed to the juvenile division thereof. It also states:

"The committing court shall retain jurisdiction of the subject matter and the person until he or she reaches the age of 21 unless earlier discharged. However, upon request of the Juvenile Division of the Department of Corrections after a person has reached 17 years of age, the court may conduct a hearing with opportunity to the offender to be heard and defend and order the person trans-

ferred or committed to the Adult Division of the Department of Corrections."

The State maintains that the order was merely a ministerial act effectuating a divisional transfer and that, in any event, the order was not final because it did not change the length of the sentence and because the court retained jurisdiction. The State attempts to draw analogy from prior opinions in which courts stated that (1) a court order was required to make a transfer of an inmate from a reformatory to a penitentiary because confinement in the penitentiary rendered the convict infamous (*People v. Perkins* (1946), 395 Ill. 553, 70 N.E.2d 622), and (2) then existing legislation did not permit such transfers by administrative agencies but legislation could be adopted which did so. (*People ex rel. Martin v. Mallary* (1902), 195 Ill. 582, 63 N.E. 508.) We do not agree with the State.

Prior to January 1, 1964, county judges served as hearing officers in determining amounts due for State inheritance taxes. Appeal could then be made to the county court. Legislation was passed thereafter imposing these duties upon circuit judges and circuit courts. (Ill. Rev. Stat. 1963, ch. 120, par. 385.) This procedure was challenged as being a violation of the doctrine of separation of powers in *In re Estate of Barker* (1976), 63 Ill. 2d 113, 345 N.E.2d 484. The supreme court upheld the legislation, stating that the separation of powers doctrine was not absolute but also relying most strongly upon section 4(d) of the Transition Schedule of the Illinois Constitution of 1970 which provided that, until otherwise provided by law, nonjudicial functions vested in county judges and county courts prior to January 1, 1964, were to be vested in circuit courts. The implication of the opinion was that legislation vesting of administrative functions in the courts should be extremely limited.

■■ The legislative provisions in issue here do not concern nonjudicial functions previously vested in county judges and county courts. They speak in terms indicating the court is to act in its judicial capacity. Section 5—8—6(c) speaks of the court retaining *jurisdiction* until the convict reaches the age of 21 years. We conclude that the court acts in a judicial capacity. Although the court retains jurisdiction the legislation does not provide for any way for the minor to be transferred back to the juvenile division. In any event, the order leaves nothing to be done except execution of the order by the effectuation of the transfer. A retention of jurisdiction by a court does not prevent its order from becoming final. In *People v. Henderson* (1976), 39 Ill. App. 3d 1065, 351 N.E.2d 231, a similar order was held to be appealable. We hold the instant order to be judicial in nature and appealable because of its finality. Ill. Const. 1970, art. VI, §6.

■■ On October 5, 1978, defendant had been sentenced by the circuit court of Champaign County to 8 years' imprisonment and committed to

the Department of Corrections juvenile division. On March 14, 1980, the trial court was advised by a letter from the Department that defendant's 17th birthday was approaching. A hearing was set to determine whether he should be transferred to the adult division. On April 28, 1980, defendant moved for a continuance. A six-month continuance was granted to allow defendant and authorities of the juvenile division to enter into an agreement whereby defendant would agree to conduct himself in a certain manner and the authorities would agree to recommend that defendant remain with the juvenile division if he complied with the agreement during its term. The trial court granted a six months' continuance, and the agreement was made.

On October 28, 1980, the continued date for the hearing, defendant requested a further continuance to investigate a complaint made that five days earlier he had violated the agreement by participating in some riot activity which included his throwing an iron bar through a window. The trial court denied the continuance. At the hearing defendant denied throwing the bar through the window, but hearsay evidence of a correctional counselor was presented that others had seen defendant do so. Evidence was also presented that knowledge of the impending riot had been widespread among the inmates and many had asked to be locked in their rooms but defendant had not done so. He explained his failure to do so by saying that he understood the riot was not to occur until a later date. Defendant maintained that had he been given more time, he could have obtained additional evidence to refute the State's contentions.

Sections 3—10—7(a) and 5—8—6(c) are conflicting principally in that the former directs the Department of Corrections to send the notice of the inmate's pending 17th birthday to the circuit court and indicates that courts must hold a hearing, while the latter indicates that the procedure is initiated by a "request" of the juvenile division and states that the court "may" hold a hearing. As the pertinent provisions of section 5—8—6(c) are in the same form as when the Unified Code of Corrections was originally enacted (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—6(c)) and those of section 3—10—7(a) have been amended, we conclude that to the extent they disagree, the latter represents the latest legislative intention. That section would indicate that a hearing is required each time an inmate approaches his 17th birthday.

Neither section sets forth guidelines for determining whether the transfer should be ordered. However, guidance can be obtained from considering the purpose of committing juvenile offenders to a separate juvenile division. In *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, the supreme court stated that purpose to be

"* * * to protect the offender who is under 17 from the hardening influence and possible abuse from fellow inmates in the adult peni-

tentiary system and to protect those committed to the Juvenile Division from being preyed on by inmates over 17." (76 Ill. 2d 289, 310, 391 N.E.2d 366, 375.)

In view of the stated purpose, retention of one over 17 in the juvenile division would be the exception rather than the rule. The trial court indicated that it was proceeding under such an understanding. We deem it to have been correct.

Defendant emphasizes that although evidence at the hearing indicated his failures were not limited to his alleged participation in the riots, a representative of the Department of Corrections had testified that their belief that he had thrown the iron bar through the window was the final event which persuaded the Department to recommend against his retention in the juvenile division. Accordingly, he maintains that the granting of a continuance so that he could prepare to defend against those charges was crucial to him and that the proof he had thrown the iron bar was insufficient. However, the first continuance was granted to enable defendant to prove himself to the Department and the court. He had failed to do so and had been guilty of (1) refusing to go where assigned, (2) belligerency with teachers, and (3) involvement in horseplay and disrespect. In the absence of defendant's having thrown the iron bar through the window, other aspects of his situation strongly indicated that he was not the exceptional person who was entitled to remain with the juvenile division.

The trial court did not abuse its discretion in either denying a continuance or ordering the transfer to the adult division. The transfer order was not contrary to the manifest weight of the evidence.

We affirm.

Affirmed.

WEBBER and MILLS, JJ., concur.