ROBERT W. KENDLER, JR., *et al.*, Petitioners-Appellants, v. THE STATE OF ILLINOIS, Respondent-Appellee.

Second District    No. 2—87—0219

Opinion filed December 30, 1987.

Julian R. Wilheim, of Lake Forest, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellee State of Illinois.

Joseph Schuman, of Foss, Schuman, Drake & Barnard, of Chicago, and Donald H. Geiger, of Waukegan, for other appellees.

JUSTICE HOPF delivered the opinion of the court:

On May 8, 1986, the trial court of Lake County assessed inheritance taxes for the estate of Robert W. Kendler in the amount of $131,051.69. Petitioners, Robert W. Kendler, Jr., and Joanne Kendler McLogan, heirs of the decedent, filed a timely appeal from the assessment with the circuit court of Lake County, which dismissed the appeal on February 2, 1987, due to petitioners' failure to post any security. Petitioners appeal from the order of dismissal.

The inheritance taxes were assessed by an associate judge of the circuit court of Lake County over the objection of petitioners. Petitioners asserted that section 11 of "An Act to tax gifts, legacies, inheritances, transfers, appointments and interests in certain cases, and

to provide for the collection of the same, and repealing certain acts therein named" (Act) (Ill. Rev. Stat. 1981, ch. 120, par. 385) only authorizes full circuit judges to assess inheritance taxes, not associate judges. The parties agree that the Illinois Estate Tax Law (Ill. Rev. Stat. 1985, ch. 120, par. 405 *et seq.*) is not applicable in the case before us because the decedent died prior to January 1, 1983.

Section 11 of the Act requires parties appealing from an inheritance tax assessment to the circuit court to pay or give "to the circuit judge who made the order of assessment security satisfactory to pay all costs, together with whatever taxes shall be fixed by the court." (Ill. Rev. Stat. 1981, ch. 120, par. 385.) Petitioners acknowledge that they failed to post any security. They contend, however, that it would have been impossible to comply with the requirement of paying security to the circuit judge who assessed the taxes when the taxes were assessed by an associate judge. Petitioners assert that payment of security to the associate judge who assessed the taxes would have constituted a waiver of their position that an associate judge has no authority to assess inheritance taxes.

■ We find petitioners' assertions to be without merit. Section 11 of the Act does state that inheritance taxes are to be assessed by "the circuit judge designated *** for that purpose by the Chief Judge of the judicial circuit." (Ill. Rev. Stat. 1981, ch. 120, par. 385.) We do not believe, however, that this precludes the designation of an associate judge to assess such taxes. Section 8 of article 6 of the Illinois Constitution gives the supreme court the authority to provide by rule for matters to be assigned to associate judges. Supreme Court Rule 295 states "[t]he chief judge of each circuit or any circuit judge designated by him may assign an associate judge to hear and determine any matters except the trial of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year." 107 Ill. 2d R. 295.

Petitioner asserts that, since the assessment of inheritance taxes is a nonjudicial function (*In re Estate of Barker* (1976), 63 Ill. 2d 113, 117, 345 N.E.2d 484), Supreme Court Rule 295 does not authorize the assignment of this task to an associate judge. The rule, however, specifically authorizes the assignment of "all matters" to associate judges with the exception of certain criminal matters and does not distinguish between judicial functions and nonjudicial functions. We conclude that Rule 295 authorizes the designation of associate judges to assess inheritance taxes and reject petitioners' contention to the contrary.

Since petitioners' objection to the authority of associate judges to

assess inheritance taxes is meritless, their assertion that paying security to the associate judge would have constituted a waiver of this objection is meritless as well. The right of a party to appeal an inheritance tax assessment to the circuit court is clearly conditioned upon payment of security to the circuit judge who made the order of assessment. (See Ill. Rev. Stat. 1981, ch. 120, par. 385.) Since petitioners failed to comply with this requirement, their appeal to the circuit court was correctly dismissed.

■ We are not persuaded by petitioners' contention that, since the language of section 11 of the Act requires payment of security "to the circuit judge who made the order of assessment," compliance was impossible because the order was issued by an associate judge. It will be presumed that the legislature did not intend absurdity, inconvenience, or injustice in enacting statutory provisions (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, 489 N.E.2d 1374), and it would be absurd to permit petitioners to evade the requirement of posting security merely because the assessment order was issued by an associate judge. Therefore, we conclude that petitioners were required to pay or give security to the associate judge who assessed the inheritance tax and the circuit court properly dismissed their appeal for failure to comply with this requirement.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.